138 TEATER v. KING.

[No. 4451. Decided May 3, 1904.]

# M. M. TEATER, *Respondent,* v. TERRY KING, *Appellant.*[1]

TRIAL—APPEARANCE—WAIVER OF SPECIAL APPEARANCE—MOTION TO DISMISS ACTION OF UNLAWFUL DETAINER. Where a special appearance is made to quash a summons in unlawful detainer and the writ of restitution, for want of jurisdiction, and a motion is subsequently made to dismiss the action for the reason that no summons has been issued or served, the motion to dismiss invokes the jurisdiction of the court on the merits, and waives the special appearance.

UNLAWFUL DETAINER—NOTICE TO QUIT—SUFFICIENCY OF TIME ALLOWED—MONTHLY RENTAL. Where rent was paid November 23d for one month in advance under a tenancy from month to month, a notice to quit on December 23d, served on December 2d, was in time.

LANDLORD AND TENANT—UNLAWFUL DETAINER—VALIDITY OF SUBLEASE—EVIDENCE—SUFFICIENCY—QUESTION FOR JURY. In an action of unlawful detainer brought by a tenant of the whole premises against a subtenant of a part, there is sufficient evidence to require the submission to the jury of an issue as to whether defendant was rightfully in possession under a sublease prior to plaintiff's lease, where it appears that the owners originally leased to D for an indefinite period, and D subleased for two years, subject to the continuance of her own term, and the owners in writing recognized the sublease, and for a valuable consideration agreed to approve the same, and the evidence tended to show that plaintiff, who bought out D before the expiration of said two years, had knowledge at the time, of the sublease, and of the owner's recognition thereof.

SAME—OWNER'S RECOGNITION CONCLUSIVE. In such case, the plaintiff cannot raise the question of the validity of the original lease, nor of the owner's recognition of the sublease, when those questions are not raised by the owner.

SAME—DEFENSES. In an action of unlawful detainer against a subtenant, where the evidence tended to show that he was not guilty of the wrongful detention, it cannot be claimed that his rights in the premises can only be enforced in an equitable action.

[1]Reported in 76 Pac. 688.

Appeal from a judgment of the superior court for King county, Emory, J., entered May 20, 1902, upon granting plaintiff's motion for a directed verdict, after a trial on the merits before the court and a jury. Reversed.

*Allen, Allen & Stratton,* for appellant.

*Shank & Smith,* for respondent.

PER CURIAM.—Action for unlawful detainer, brought by M. M. Teater, plaintiff and respondent, against Terry King, defendant and appellant, in the superior court of King county. The plaintiff recovered judgment, and defendant appeals.

The complaint was filed in the clerk's office of the lower court on December 26, 1901. It alleged that respondent was, and had been since May 15, 1901, in possession of lot 1, and the north half of lot 4, excepting the dwelling house situated upon the easterly end thereof, in block 32 of C. D. Boren's Plat of an addition to Seattle, under verbal lease thereof from month to month; that on November 23, 1901, the respondent sublet to the appellant, from month to month, at a rental of $100 per month, payable in advance, the storeroom comprising the main floor of the building, erected upon the westerly portion of said lot 1. The complaint further alleged the payment by appellant of $100, one month's rental, on November 23, 1901; that, at the city of Seattle, on the 2nd day of December, 1901, the respondent served upon appellant personally a written notice to quit and surrender possession of said premises to respondent on or before Dec. 23, 1901, with which notice appellant refused to comply. Respondent demanded judgment for restitution of the premises, and damages.

On the day of the filing of this complaint, summons and writ of restitution were issued. On the 31st day of

December, 1901, pursuant to such writ, appellant was ousted by the sheriff from the possession of the premises. On the same day the appellant made a special appearance by written motion to quash the summons and service thereof. On January 4, 1902, appellant made and filed an amended motion in form of a special appearance, wherein he moved, (1) to quash the summons, and set aside the service thereof; (2) to set aside and quash the writ of restitution, for the reason that the same was prematurely issued, and that the court had no jurisdiction to issue the same; and (3) to dismiss the said action, for the reason that no summons had been issued and served in said cause as required by law. This amended motion came on for hearing on January 11, 1902. The trial court sustained the motion to quash the summons and set aside the service thereof, but refused to quash the writ of restitution or dismiss the action, to which ruling appellant excepted.

The appellant, by his amended answer, filed Jan. 24, 1902, denies the material allegations of the complaint, except the payment of the month's rent, and the refusal to vacate the premises in question, as required by the above notice to quit. He specially denies that he unlawfully and wrongfully detained the possession of said premises to respondent's damage. And for an affirmative defense the answer alleges, that on or about the 23d day of September, 1900, one Mrs. R. J. Dodds, who was rightfully in possession of the property described in the complaint, did, in writing, lease and demise to one C. M. Spores and one Joseph Gavin, the whole lower or main floor of said building (the storeroom described in the complaint), for the period of two years after that date; that said property was a part of the estate of Mary N. Welch, deceased; that on October 1, 1900, in consideration of the payment of $500 by said Dodds, this lease

was recognized and ratified by the executor of said estate, who reported the same to the superior court of King county, which lease was approved by said court; that respondent acquired, by contract from Mrs. Dodds, her interest in said property, on or about May 15, 1901, and thereby went into possession of said property, save the storeroom theretofore leased to Spores and Gavin; that respondent agreed to, and did, take said property subject to said lease, recognized the same, and received rental for such storeroom from Spores and Gavin and their successors in interest; that appellant became, and was, after the 14th day of November, 1901, in the rightful possession of said storeroom, as the successor in interest of said Spores and Gavin, by purchase; that the said Spores and Gavin, their successors in interest therein, and this appellant, complied in all respects with the terms of said lease; and that, on the 31st day of December, 1901, respondent wrongfully and illegally ejected appellant from said storeroom in pursuance of the writ of restitution issued herein. Appellant asked judgment restoring to him the possession thereof, and for costs. The reply puts in issue the material allegations contained in the affirmative defense, and specially alleges, that respondent went into possession of the premises on May 15, 1901, under a new and independent tenancy from month to month, and, until December 23, 1901, he sublet said storeroom and collected rent therefor.

(1) The first two assignments of error allege that the trial court erred in overruling appellant's motions to quash and set aside the writ of restitution and dismiss the action. The record shows that a second summons issued herein, on January 13, 1902, pursuant to the order of the court below of that date, above noted, quashing the original summons and setting aside the service thereof.

We are of the opinion, that a writ of restitution, when issued at the commencement or during the pendency of an action, is governed, in the main, by the same principles of law as a writ of attachment, or other ancillary process in the main cause. The appellant's position is that the action abated, when the original summons and service thereof were quashed and set aside, and therefore carried the proceedings for the writ of restitution with it, as an incident, and that the trial court erred in not quashing the writ and dismissing the case. There would be much force in appellant's contention, if he had not asked the court below to dismiss the action. The appearance of appellant was in form special, for the purpose of objecting to the court's jurisdiction over his person, but in the body of his motion he invoked the jurisdiction of the court below on the merits, when he asked for a dismissal. A party desiring to successfully challenge jurisdiction over his person should not call into action the powers of the court over the subject-matter of the controversy. By so doing, he waives his special appearance, and will be held to have appeared generally. *Fitzgerald Const. Co., v. Fitzgerald,* 137 U. S. 98, 11 Sup. Ct. 36, 34 L. Ed. 608; *Sayward v. Carlson,* 1 Wash. 29, 23 Pac. 830; 2 Enc. Plead. & Prac. 625; *Bucklin v. Strickler,* 32 Neb. 602; 49 N. W. 371. Some courts hold that in a proceeding, as contradistinguished from an ordinary civil action, a party may move to dismiss such proceeding for defective notice or service thereof, but that jurisdiction over the person is waived by going further and asking the court or tribunal to grant relief relative to the merits of the controversy. See, *Perkins v. Hayward,* 132 Ind. 95, 31 N. E. 670; 2 Elliott's Gen. Pract., §§ 474-476, and authorities cited. In the light of the rules of law enunciated in the foregoing citations, we reach the conclu-

sion that the trial court committed no error in denying appellant's motion to dismiss the cause.

(2)    The next contention of appellant presents the proposition regarding the sufficiency of the notice to quit possession of the premises in question.    The notice was served on appellant on December 2, 1901, requiring him to surrender possession and vacate the premises "on or before December 23, 1901, being the expiration of the current monthly period."    Appellant urges that this notice was not given and served a sufficient length of time prior to the expiration of the tenancy to have terminated it under the statute.    We think his position untenable, under the decision of this court in *Yesler Estate v. Orth*, 24 Wash. 483, 64 Pac. 723.    See, further, *Steffens v. Earl*, 11 Vroom 128, 29 Am. Rep. 214, 218.    Moreover, it is questionable whether appellant is in a position to question the sufficiency of this notice or its service, when the complaint squarely tendered an issue in that behalf, and appellant not only failed to meet such issue, but alleged right of possession in himself under his affirmative defense.    The notice to quit is for the protection of the tenant and may be waived.    *Dale v. Doddridge*, 9 Neb. 138, 1 N. W. 999.

(3)    The alleged errors respecting the rulings of the court, in denying appellant's motion for a nonsuit, and in granting respondent's application to take the case from the jury, direct a verdict, and enter judgment in his favor, may be considered together.    There was no error in denying the motion for a nonsuit.    The respondent was the only witness examined in his own behalf.    His testimony tends to support the allegations of his complaint. The chief issue tendered by this pleading was the unlawful detention of the premises in question by appellant. It appeared from this evidence, that on May 15, 1901, one Mrs. R. J.

Dodds sold her furniture in the Russell hotel or lodging house to Teater; that, shortly prior to that date, Teater made arrangements with M. M. Carraher, executor of the Welch estate, to rent this lodging house from month to month; that Teater sublet the lower floor of the above house to King, appellant, on November 23, 1901, received $100, one month's rental in advance therefor, notified King to vacate and surrender possession as above stated, and that he refused to comply with the requirements of such notice. Respondent, Teater, denied that there was any privity between Mrs. Dodds, the former lessee of the lodging house, and himself, concerning her relations with Spores and Gavin, assignors of King, or that he (Teater) recognized King's interests in such property in any manner, other than as tenant of respondent for an indefinite term.

The evidence introduced in appellant's behalf at the trial tended to show, that on the 21st of September, 1900, Mrs. R. J. Dodds was lessee of this hotel property, for an indefinite term, from M. M. Carraher, executor of the Welch estate; that at that date Mrs. Dodds leased, by written indenture, this lower floor (the property in dispute) to C. M. Spores and Joseph Gavin for the term of two years. This lease contained the following provision: "Provided, however, that said party of the first part continues to have the lease or possession of the said property during said term of two years." Appellant then introduced in evidence the following paper writings:

"Seattle, Washington. September 21st, 1900. In consideration of C. M. Spores and Joseph Gavin entering into a written lease with Mrs. R. J. Dodds for two years for the Russell House in the city of Seattle, it is hereby agreed that in case Mrs. R. J. Dodds should for any reason lose or not have the right to rent said premises so leased to said Spores and Gavin for two years that we, as executors of the estate owning the land described in

said lease, will recognize the lease of said Spores and Gavin for said two years provided that said Gavin and said Spores shall perform all their conditions of said lease. (Signed) C. M. Spores. Joseph Gavin. M. M. Carraher, as executor of the estate of Mary A. Welch, deceased. Pierre P. Ferry, attorney for said executor."

"Seattle, Washington, October 1, 1900. In consideration of the sum of five hundred dollars ($500) to me in hand paid by C. M. Spores and Joseph Gavin, the receipt of which is hereby acknowledged, I hereby release said C. M. Spores and Joseph Gavin from the certain provision in the lease hereinafter referred to requiring said C. M. Spores and Joseph Gavin to lower the floor of the certain building heretofore leased by me to said C. M. Spores and Joseph Gavin, said lease bearing date September 21, 1900, it being mutually understood and agreed that said payment of said money in no way affects any covenant or conditions in said lease, excepting as hereinbefore provided. Mrs. R. J. Dodds."

"Received from Mrs. R. G. Dodds the above sum of five hundred dollars ($500.00) in consideration of our recognition of the said lease hereinbefore referred to. Dated at Seattle, Washington, this 1st day of October, 1900. M. M. Carraher, as executor of the estate of Mary M. Welch, deceased. Pierre P. Ferry, as attorney for said executors."

It further appeared that Spores and Gavin, on October 17, 1900, assigned, in writing, their interest in the above lease to the Seattle Brewing and Malting Company, as collateral security for money loaned; that this lease was recorded June 1, 1901; that Spores and Gavin were running a bath house on this lower floor, at the time respondent entered into possession of the Russell House property, of which respondent had notice; that thereafter Teater collected rents from such parties and their successors in interest; that, through certain mesne transfers, appellant, on or about November 14, 1901, became the

owner, by purchase, of the rights and interests of Spores and Gavin in and to the above lease. Mrs. Larimer (formerly Mrs. Dodds) testified in part as follows:

"At the time I sold out the house to M. M. Teater, these parties [Spores and Gavin] were still running the bath house, and at the time I sold to Mr. Teater I told him about this lease I had made to Spores and Gavin, and showed Mr. Teater a copy of the lease, and I told Mr. Teater at that time I did not want to have any trouble about it, and that he must protect me on that lease, and he said he would; and at the time I closed up the deal with Mr. M. M. Teater I turned the lease over to him, that I had made to Spores and Gavin."

M. M. Carraher, the executor, swore that respondent "got into possession by buying Mrs. Dodd out." Witness Jensen, in behalf of appellant, swore that, when the $100 rental was paid by King to Teater, the former said to the latter: "I have come up here to pay you the rent, $100, subject to that lease." There was further evidence tending to show that Teater took the property designated as the Russell House with knowledge of Spores and Gavin's lease of the lower floor, subject to the above condition, and that King was the successor in interest of those lessees. True, much of this evidence is vague and inexplicit on the question whether Teater, at the time he bought Mrs. Dodds out, obligated himself to assume the burden of this lease to Spores and Gavin. After a careful reading of the testimony adduced in appellant's behalf, we think that it tends to sustain the allegations of his answer, and that the learned trial court erred in taking the case from the jury, directing a verdict, and entering judgment for respondent.

The learned counsel for respondent argue that the so-called recognition of the executor could have, at most, only a future contingent operation. This argument, as

it appears to us, assumes one of the very points in issue. This court cannot so hold as a matter of law, in the light of the evidence. Whether the tenancy of Spores and Gavin, as between themselves and the executor, was created with all the formalities required by the statute, is not pertinent to this appeal, as we view the record. The executor is not attempting to dispute the validity of the original lease between Mrs. Dodds and Spores and Gavin, or of the alleged rights of appellant as their assignee under such instrument. Can the respondent properly raise that question in the present controversy? We think not. We are of the opinion that the respondent is not in a position to affirm that part of the above transaction which he deemed beneficial to his interests, and repudiate that part which he may consider otherwise, to the prejudice of appellant. *Ansonia v. Cooper,* 64 Conn. 536, 30 Atl. 760; *Weaver v. Coumbe,* 15 Neb. 167, 17 N. W. 357.

We cannot agree with respondent's contention, that whatever rights appellant may have in the premises can only be enforced in an equitable action. The gravamen of this controversy is the alleged unlawful detention on the part of the appellant. The question of respondent's recognition of the lease from Mrs. Dodds to Spores and Gavin was one of fact for the consideration of the jury. The evidence in behalf of appellant tended to show that he was not guilty of the unlawful and wrongful detention of this property, as charged in the complaint. The proposition regarding the sufficiency of this evidence, as opposed to the testimony of respondent, was a matter that should have been submitted to the jury. The trial court was not justified in deciding, as a matter of law, that respondent was entitled to recover in the action at bar.

The judgment of the superior court is reversed, and the case is remanded for a new trial.