[No. 6305. Decided November 14, 1906.]

Thomas H. Bain, *Respondent*, v. J. C. Thoms *et al.*, *Appellants*.[1]

Appearance—Special or General — Process — Service — Waiver. A special appearance to object to the jurisdiction for want of service of process is rendered general by asking for the dismissal of the action for reasons relating to the merits, and waives the question of due service.

Appeal—Decision—Admission of Parties—Judgment—Vacation. The supreme court may, on remanding a case, direct that a default judgment be vacated where respondents are willing that the case be opened and tried on its merits.

Appeal from an order of the superior court for King county, Morris, J., entered February 17, 1906, denying defendants' motion to set aside a judgment. Reversed.

*George E. Knapp* and *John B. Shorett,* for appellants.
*Everett Smith* and *Thos. H. Bain,* for respondent.

Root, J.—Respondent began this action to recover certain moneys alleged to be withheld by appellant J. C. Thoms. Service upon defendants was made, or attempted to be made, by leaving copies of the summons and complaint at the resi-

[1]Reported in 87 Pac. 504.

dence of one Mrs. Treisch, in Seattle, where defendants were alleged to have had their usual place of abode. Neither of defendants appeared, and nearly ninety days thereafter default was entered as to each, and judgment thereupon. Subsequently defendants, by a motion reciting that they were "appearing specially herein for the purposes of questioning the jurisdiction of this court, and for no other purpose," moved that

". . . said judgment in the above entitled action be set aside, that said action be dismissed, and that defendants have judgment against plaintiff for their costs and disbursements herein,.and for such other and further relief as to the court may seem just."

This motion was based upon the record and files, and upon affidavits of the defendants and others, the affidavits setting forth that they did not reside at the home of Mrs. Triesch, and that it was not their usual place of abode; that they had never been served; that plaintiff had no valid claim against them or either of them; that they had a good and sufficient defense to such action, and that plaintiff was indebted to them; and J. C. Thoms alleging that he had no notice of the commencement of said action until he ascertained the same from a clipping from a paper. These affidavits were met by affidavits filed on behalf of respondent. The motion to set aside the judgment was denied. From the order of denial, this appeal is taken.

Appellants urge that the service attempted to be made was insufficient to give the court jurisdiction over them. For reasons hereinafter stated, we deem it unnecessary to pass upon this question.

In the motion wherein appellants assumed to appear specially they did not ask to have the service of summons and complaint quashed, nor did they confine themselves to a prayer for the setting aside of the default and judgment, but they prayed that the judgment be set aside and that the action be dismissed, and that they have judgment for costs

and disbursements, and such other relief as to the court might seem just; and they based their motion upon the records, files and certain affidavits, some of the latter setting forth facts going to the merits of the controversy. We think their appearance must be construed to be general. In the case of *Teater v. King*, 35 Wash. 138, 76 Pac. 688, this court said:

"The appearance of appellant was in form special, for the purpose of objecting to the court's jurisdiction over his person, but in the body of his motion he invoked the jurisdiction of the court below on the merits, when he asked for a dismissal."

In the case of *Burdette v. Corgan*, 26 Kan. 102, the supreme court of Kansas, speaking through Justice Brewer, said this:

". . . we remark that this appearance by the motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment not merely on jurisdictional but also on nonjurisdictional grounds, and whenever such a motion is made the appearance is general, no matter what the parties may call it in their motion."

If we should hold the service in this case to be insufficient it would necessitate the remanding of the case with instructions to the trial court to treat the appellants as having waived service, and as being before the court. *French v. Ajax Oil etc. Co.*, *ante* p. 305, 87 Pac. 359. They would then be required to interpose whatever defense they desired. But the respondent states, in this court, that he has been willing at all times that appellants should come into the case and make their defense upon the merits, and that he is at this time willing that they should be permitted so to do. In view of this offer on his part, we remand the case to the superior court with directions to set aside the judgment if the appellants interpose a meritorious answer within twenty days from the date of the filing of the remittitur, and for such further

proceedings as may be had in the ordinary course. If no such answer is filed within said time, the judgment shall stand as affirmed. Costs to abide the final result.

· Dunbar, Crow, and Hadley, JJ., concur.

Mount, C. J. and Rudkin, J., took no part.