[No. 13311.   Department Two.   July 17, 1916.]

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURG,
*Respondent*, v. C. E. DICKINSON *et al., as Dickinson &
Company, Appellants.*[1]

INSURANCE—AGENTS—REFUSAL TO CANCEL POLICY—LIABILITY.   Insurance agents who failed to cancel policies upon the order of the company, after having agreed to do so, are liable to the company for a loss subsequently occurring.

JUDGMENT—PERSONS CONCLUDED—TENDER OF DEFENSE—PARTICIPATION.   Insurance agents liable to the company for a loss, who were tendered and assisted in the defense of an action against the company, are concluded by the judgment upon an issue tried out in that action when subsequently sued by the company, although they refused to assume the defense.

INSURANCE—AGENTS—LIABILITY TO COMPANY — NEGLIGENCE — EVIDENCE—SUFFICIENCY.   The negligence of insurance agents in failing to cancel policies upon the order ,of the company to do so is sufficiently established, where, although they testified that they immediately mailed out notices, it appears that all three addressees denied receiving the same, no response was made or policy returned, the agents made no report, and two weeks later, they gave notice of loss and suggested adjustment, assuming that there had been no cancellation.

APPEARANCE—GENERAL OR SPECIAL—PARTNERS.   Under Rem. & Bal. Code, § 241, providing that every appearance is general unless the defendant states it to be special, there is a general appearance by defendant C. E. D., a nonresident member of a partnership who had successfully quashed service against himself, where the answer filed recites, "now comes R. L. D. and C. E. D. as a member of the firm of D. & Co. and not otherwise," etc.

Appeal from a judgment of the superior court for King county, Mackintosh, J., entered April 28, 1915, upon findings in favor of the plaintiff, in an action in tort, tried to the court. Affirmed.

*William Wray,* for appellants.

*James B. Murphy,* for respondent.

[1]Reported in 159 Pac. 125.

BAUSMAN, J.—Defendants are insurance agents who, having themselves issued policies, were instructed by the company to cancel them. Acknowledging this order, they said they would do so. Within two weeks the property was destroyed by fire and the company has been held liable by a jury after an unsuccessful defense that the policies had been canceled. Having paid the judgment, it now sues the agents for neglect to cancel.

That it was the duty of these agents to issue cancellations is abundantly established if proof of custom be proper, but this need not be discussed for they did undertake a duty which, had they refused to perform it, might seasonably have been done by the company itself. They cannot deny the obligation now.

When the suit was brought by the assured, the company tendered its defense to the agents who, though they declined to assume it, did actively assist. In that suit proofs of loss were admitted which were then contended to be unauthorized and not in compliance with the policies, for which reason the defendant agents now wish to go into that subject again to show that the company was thus not liable even though the policies had not been canceled. The lower court was correct in holding this question closed by the former judgment. *Washington Gas Light Co. v. District of Columbia*, 161 U. S. 316.

As to whether the agents failed to cancel the policies, a similar question might have arisen; but the lower court, leaving the issue open, heard the proofs submitted by the defendants. Their liability is clear. They, for their part, say they immediately mailed cancellations upon receiving the company's letter, but all three addressees testified that none were ever received. The very manner in which the agents acknowledged the company's order was justly commented on by the lower court. Instead of mailing the notices at once and then reporting that, they merely stated that they would

attend to this.   By their own story they allowed twelve days
to pass without hearing from the insured or receiving back
the policies.   Still more.   Immediately after the fire they
write to the home office that a fire has occurred and that they
suppose the company will join in an adjustment along with
other insurers.   Not a word about there being no liability be-
cause of cancellations two weeks before; in fact, the letter un-
mistakably assumes that there had been no cancellations.
This most damaging communication is so poorly explained
that we cannot disturb the lower court's judgment, whether
under our insurance code mere mailing is or is not enough.
As to the degree of vigilance required, even supposing this a
purely extra task, the court was justified in its finding that
they had not used even ordinary care.

Against whom shall this judgment be entered?   By the
lower court it was rendered against both defendants.   One
of them, C. E. Dickinson, a nonresident, was already suc-
cessful in quashing a service against himself, but the answer
brings the parties in as follows:

"Come now the defendants R. L. Dickinson and C. E.
Dickinson as a member of the firm of C. E. Dickinson & Com-
pany and not otherwise," etc.

The lower court in holding this a general appearance by
C. E. Dickinson was right.   What the latter may have in-
tended is immaterial, since courts accept jurisdiction from
what a pleader says and not what he has in his mind or there
would be frequent shiftings and little certainty in judgment
rolls.   Rem. & Bal. Code, § 241, provides that every appear-
ance is general unless the defendant states it to be special,
nor is it of any moment that the defendant has before that
successfully or unsuccessfully made a special appearance.
*Bellingham v. Linck*, 53 Wash. 208, 101 Pac. 843.

This defendant cannot be in court as a defending partner
and not also as an individual, for individual or separate lia-
bility is the essence of partnership obligation.   As for the

joint assets, these were already defended by the other Dickinson, who by his appearance bound himself personally and the joint property too. This member did not need to have himself named in the appearance either to defend the partnership property or to bind it. When he did appear as a partner he submitted himself also, for he was seeking advantage or protection on the merits. His appearance we must construe as general. In *Bain v. Thoms*, 44 Wash. 382, 87 Pac. 504, we approved the following from *Teater v. King*, 35 Wash. 138, 76 Pac. 688:

"The appearance of appellant was in form special, for the purpose of objecting to the court's jurisdiction over his person, but in the body of his motion he invoked the jurisdiction of the court below on the merits, when he asked for a dismissal."

Judgment affirmed.

MOUNT, PARKER, FULLERTON, and HOLCOMB, JJ., concur.