[No. 14463.  *En Banc.*  September 23, 1918.]

MATT MATSON, *Appellant*, v. KENNECOTT MINES
COMPANY *et al., Respondents.*[1]

APPEARANCE—GENERAL OR SPECIAL.  Under Rem. Code, § 241, pro-
viding that every appearance is general unless the defendant in
making the same states that the same is a special appearance, a
motion to quash service of process reciting that the defendant ap-
pears specially and for the purpose of the motion only, is a special
appearance.

SAME — GENERAL OR SPECIAL — PLEADING OVER — WAIVER.  Under
Rem. Code, § 241, providing that every appearance is general unless
the defendant in making the same states that the same is a special
appearance, a special appearance on motion to quash service of
process is not waived, after overruling of the motion and excep-
tions thereto, by answer on the merits praying for a dismissal and
costs, where the special appearance was preserved in subsequent ap-
pearances and affirmative relief was not asked (overruling on re-
hearing, Id., 101 Wash. 12).

HOLCOMB, J., dissents.

Appeal from orders of the superior court for King
county, Jurey, J., entered June 2, 1917, dismissing an
action for personal injuries and denying a new trial,
after a hearing before the court.  Affirmed.

*George H. Rummens, Wilmon Tucker, Heber
McHugh,* and *John T. Casey,* for appellant.

*Roberts, Wilson & Skeel* and *Bogle, Graves, Merritt
& Bogle,* for respondents.

ON REHEARING.

TOLMAN, J.—This case was heretofore decided by
departmental decision, which will be found in 101
Wash. 12, 171 Pac. 1040, and to which reference is
made for a statement of the facts.  Upon a rehearing
*En Banc,* a majority of the court is of the opinion that

[1]Reported in 175 Pac. 181.

the former decision cannot stand, for the reasons which will hereinafter appear.

Four different attempts were made to serve the summons on the Kennecott Mines Company by the delivery thereof to four different persons thought to be its agents. By its motions to quash, the respondent challenged the sufficiency of the service upon each of such persons, which motions to quash were denied by the trial court.

After a careful examination of all of the facts relied upon to support the service, we are forced to the conclusion that this case, in all its features relating to the service of the summons, falls squarely within the rule laid down in the recent case of *Macario v. Alaska Gastineau Min. Co.*, 96 Wash. 458, 165 Pac. 73, L. R. A. 1917E 152. And as the authorities are there reviewed at length, a further discussion of them is now unnecessary.

The question, therefore, here to be determined is, Did the respondent mining company give the court jurisdiction by entering a general appearance?

Its first appearance was undoubtedly special in name and in fact, for, after setting up "appearing here specially for the purposes of this motion only, moves the court to vacate, set aside and quash the alleged or pretended service of summons and complaint upon the Kennecott Mines Company for the following reasons," and after setting forth the grounds relied upon, concludes: "Wherefore the defendant Kennecott Mines Company prays for an order of this Honorable Court vacating, quashing and annulling the said service of summons and complaint upon and against the Kennecott Mines Company." Clearly there was here no invoking of the jurisdiction of the court by asking for the rendition of a judgment or order in the case such as the court can only render when it has jurisdiction of

the persons of the parties to the action. Under our statute, Rem. Code, § 241, and under all the authorities, this constitutes a special appearance only.

Having made, then, this special appearance only, and the motion to quash having been denied, was it the duty of the respondent, in order to preserve this question for determination on appeal, to appear no further, submit to a judgment being entered against it by default, and take the chances, if the appellate court should affirm the ruling on the motion to quash, of having to pay the plaintiff's full and uncontested demand, or might it preserve the point for decision upon a future appeal, and defend on the merits with a view of reducing or defeating the plaintiff's claim?

In 4 C. J. 1365, it is said:

"In some jurisdictions it is held that, where a defendant appears specially to object to the jurisdiction, and his objection is overruled, he must elect either to stand on his objection or to go into the merits, and, if he goes into the merits of the cause, the objection is thereby waived."

To support this rule, cases are cited from fifteen states and territories. The author then proceeds:

"This rule, however, is subject to qualification, where the appearance is not voluntary, or where there is a stipulation allowing defendant to plead. But in many other jurisdictions, and by what seems the sounder reasoning, it is held that a defendant does not lose the benefit of his attack on the jurisdiction by thereafter answering and pleading to the merits, provided he preserves his objection, secures a ruling thereon, and has the ruling embodied in an exception. But even where this rule prevails, if a defendant goes further than he is necessarily required to do in order to contest the action on its merits and makes himself an actor in the proceeding by filing a counterclaim or cross-petition and by asking for affirmative relief, he thereby waives the question of personal jurisdiction."

And to support the latter rule, the author cites cases from the supreme court of the United States, the Federal courts, and seventeen states.

The reason for the rule is stated in *Austin Mfg. Co. v. Hunter,* 16 Okl. 86, 86 Pac. 293, where it is said:

"The rule just referred to is based upon the assumption that a defendant is involuntarily in court, and that he is being compelled to litigate the case against his will, and so long as he simply defends against the cause or causes of action pleaded in the plaintiff's petition, he can urge the want of jurisdiction over his person in the appellate court, but not so where he files a cross-petition and asks for affirmative relief, for, by such act, he voluntarily submits himself to the jurisdiction of the court, and vests it with power to render any judgment necessary in the disposition of any and all of the issues involved in the entire controversy."

Were this a case of first impression, we might argue against the first stated rule on the ground that it requires the defendant, who has the right to be sued only in a court having jurisdiction of his person, and also has the right when sued to defend upon the merits, to choose between these two rights, and forfeit one in order to preserve the other. But we think this court has already chosen the sounder and juster rule.

The case of *Woodbury v. Henningsen,* 11 Wash. 12, 39 Pac. 243, opinion by the late Justice Dunbar, was an action in replevin before a justice of the peace. Notice and complaint were served upon the defendant by delivering copies to a child under the age of twelve years. When the case was called for trial, the defendant moved to quash the return of service of process for the reason that the same had not been served according to law, specifying that the appearance was for this purpose only, which motion was overruled, and the defendant excepted. Thereafter the defendant demurred to the complaint, the demurrer was overruled,

the case proceeded to trial, resulting in a judgment against the defendant, and a writ of certiorari was sued out to the superior court, which was afterwards dismissed, and an appeal from that order was taken to the supreme court, which said:

"It is conceded by respondent that the service in the case was not sufficient to confer jurisdiction of the person on the justice, but the contention is that the appellant waived that defect, submitted to, and conferred jurisdiction of the person on the justice by continuing in the case, excepting to the rulings of the justice thereafter, appearing generally and answering, and going to trial after his objection by way of special appearance was overruled by the justice.

"The authorities upon this question are not uniform, some courts holding that it is incumbent upon the party claiming a want of jurisdiction to stand upon his special motion, while others hold to the doctrine that when the special motion is made and overruled, no waiver will be imputed by proceeding to try the case upon its merits. We think the latter position is the better one, and therefore hold that the justice's court did not obtain jurisdiction by general appearance entered by the defendant, after his motion had been overruled."

The *Woodbury* case was cited with approval in *Walters v. Field,* 29 Wash. 558, 70 Pac. 66, and it was there held, upon facts clearly distinguishable from the case at bar, that the defendant had, by a voluntary general appearance, waived his special appearance, and it was there said:

"The defendant could have preserved his special appearance in his answer to the merits, but he did not see fit to do so."

To the same effect are: *Morris v. Healy Lumber Co.,* 33 Wash. 451, 74 Pac. 662; *Larsen v. Allan Line Steamship Co.,* 37 Wash. 555, 80 Pac. 181, 9 L. R. A. (N. S.) 1258; *Hodges v. Price,* 38 Wash. 1, 80 Pac. 202;

*Gaffner v. Johnson,* 39 Wash. 437, 81 Pac. 859; *Columbia & P. S. R. Co. v. Moss,* 53 Wash. 512, 102 Pac. 439; *Steenstrup v. Toledo Foundry & Machine Co.,* 66 Wash. 101, 119 Pac. 16, Ann. Cas. 1913C 427; *In re Martin's Estate,* 82 Wash. 226, 144 Pac. 42.

The appellant relies upon the cases of *Teater v. King,* 35 Wash. 138, 76 Pac. 688, and *Bain v. Thoms,* 44 Wash. 382, 87 Pac. 504, arguing that these cases show a departure from the rule laid down in the *Woodbury* case. We do not so read them. In the *Teater* case the defendant filed a motion in the form of a special appearance, wherein he moved (1) to quash the summons and set aside the service thereof; (2) to set aside and quash the writ of restitution for the reason that the same was prematurely issued, and that the court had no jurisdiction to issue the same; and (3) to dismiss the action for the reason that no summons had been issued and served as required by law. The trial court sustained the motion to quash the summons and set aside the service thereof, but refused to quash the writ of restitution or dismiss the action, to which ruling the appellant excepted. A second summons was afterwards issued and the appellant answered to the merits. The court said:

"There would be much force in appellant's contention, if he had not asked the court below to dismiss the action. The appearance of appellant was in form special, for the purpose of objecting to the court's jurisdiction over his person, but in the body of his motion he invoked the jurisdiction of the court below on the merits, when he asked for a dismissal. A party desiring to successfully challenge jurisdiction over his person should not call into action the powers of the court over the subject-matter of the controversy."

Thus it will be seen that the court held that the first appearance by motion to quash, though denominated special, was in fact general because it invoked the

jurisdiction of the court below in asking for a dismissal of the action. Clearly this case in nowise overrules or modifies the *Woodbury* case or the rule there adopted.

The *Bain* case presents the same question as the *Teater* case. Service was attempted to be made by leaving copies of the summons and complaint at a place where the defendants were alleged to have their usual place of abode. Neither appeared, and some ninety days thereafter, default and judgment were entered. Subsequently defendants, by motion, which was termed special, moved that the judgment be set aside, that the action be dismissed, that the defendants have judgment against the plaintiff for their costs and disbursements, and for such other and further relief as to the court may seem just. The court said:

"In the motion wherein appellants assumed to appear specially they did not ask to have the service of summons and complaint quashed, nor did they confine themselves to a prayer for the setting aside of the default and judgment, but they prayed that the judgment be set aside and that the action be dismissed, and that they have judgment for costs and disbursements, and such other relief as to the court might seem just; and they based their motion upon the records, files and certain affidavits, some of the latter setting forth facts going to the merits of the controversy. We think their appearance must be construed to be general."

We think nothing in either of these cases lends support to the appellant's contention. It is, therefore, apparent that the question involved has long been a settled one in this state, and as the rule so followed is sound in reason and accords with justice, it should not now be disturbed.

Does respondent come under this rule? There can be no question but that defendant's first appearance was special in fact as well as in name, and an exception

to the ruling of the court thereon was preserved to it by the statute, Rem. Code, § 382. It preserved its special appearance in its subsequent appearances, and did not ask for affirmative relief.

The true rule on affirmative relief is laid down by the supreme court of the United States in *Merchants Heat & Light Co. v. Clow & Sons*, 204 U. S. 286, in which case a motion to quash the return of service was made and overruled, and thereupon the defendants, after excepting, appeared as ordered and pleaded the general issue, and also a recoupment or set-off of damages under the same contract. The court said:

"We assume that the defendant lost no rights by pleading to the merits, as required, after saving its rights. *Harkness v. Hyde*, 98 U. S. 476; *Southern Pacific Co. v. Denton*, 146 U. S. 202. But by setting up its counterclaim the defendant became a plaintiff in its turn, invoked the jurisdiction of the court in the same action and by invoking submitted to it. It is true that the counterclaim seems to have arisen wholly out of the same transaction that the plaintiff sued upon, and so to have been in recoupment rather than in set-off proper. But even at common law, since the doctrine has been developed, a demand in recoupment is recognized as a cross-demand as distinguished from a defense. Therefore, although there has been a difference of opinion as to whether a defendant by pleading it is concluded by the judgment from bringing a subsequent suit for the residue of his claim, a judgment in his favor being impossible at common law, the authorities agree that he is not concluded by the judgment if he does not plead his cross-demand, and that whether he shall do so or not is left wholly to his choice. [Citing cases.] This single fact shows that the defendant, if he elects to sue upon his claim in the action against him, assumes the position of an actor and must take the consequences. The right to do so is of modern growth, and is merely a convenience that saves bringing another suit, not a necessity of the defense."

Having preserved its special appearance, and not having invoked the jurisdiction of the court for affirmative relief, respondent's counsel were not bound upon incidental matters and motions, and whenever they arose to address the court, to preface their remarks by stating a special appearance. We have carefully examined the whole record, and especially the points called to our attention by the appellant, and find none of them sufficient to constitute a waiver of the special appearance.

The question of the striking of the third amended complaint and the dismissal of the action as to Birch was properly treated in the former opinion and requires no further discussion.

The judgment is affirmed.

MITCHELL, MOUNT, and MACKINTOSH, JJ., concur.

PARKER, J. (concurring)—I concur in the foregoing opinion, though it overrules the former opinion written by myself. Further reflection convinces me that the error in the former opinion lies in the failure to note the distinction between invoking the court's jurisdiction at the same time of moving to quash service of process, and invoking the court's jurisdiction, practically by compulsion, after the overruling of a motion to quash service of process.

MAIN, C. J.—I concur in the view expressed by Judge Parker.

CHADWICK, J. (concurring)—I agree with the conclusions of the majority, but I do not concur in all that is said of *Teater v. King,* 35 Wash. 138, 76 Pac. 688, and *Bain v. Thoms,* 44 Wash. 382, 87 Pac. 504. It may be that, if properly explained in the light of the record, these cases can be severally distinguished, but they have stood out since their pronouncement as a hold-

ing on the part of this court that a prayer for the dismissal of an action is a general appearance, and they should be overruled, or we should at least declare that the language employed was inadvertent and should not longer receive the full measure of its weight in words.

To say that a special appearance by motion to quash a summons, or a challenge to the jurisdiction of the court over the person of a defendant, followed by a prayer for a dismissal of the action, is a general appearance is not consistent with reason or common sense. It does not rise to the dignity of the ridiculous. To put in words a prayer for that which would follow as a matter of course under the statute, or to voice audibly the form of the only order which the court has jurisdiction to make, is not a waiver of a special appearance. The result of such a holding amounts to this. If a defendant appears specially and moves to quash a summons, or asserts an evident lack of jurisdiction and says nothing more, the court, if his motion be well taken, will enter an order of dismissal. If he asks *in writing* for the only relief the court has jurisdiction to give he has made a general appearance. Why it should ever have been held that a prayer for a dismissal changes the defendant's right under the statute and robs a special appearance of its character is beyond my power of comprehension.

It was asserted in consultation that a judgment of dismissal might be a bar to another action, and for that reason was a judgment going to the merits, but I have always understood the law to be that a motion to dismiss for want of jurisdiction over the person of the defendant was analogous to a judgment of nonsuit, and is never held to be a bar to another proceeding involving the same subject-matter. 15 R. C. L. 982.

I would have been pleased to have subscribed to an opinion admitting the general construction and accept-

ance of the two cases relied on and overruling them in terms.

HOLCOMB, J. (dissenting)—I dissent. To my mind the original opinion was erroneous in that it should have sustained the service of process upon authorized agents of the corporation in this state, the corporation not having been effectually dissolved, under the laws of Nevada, where it was organized, as to causes of action existing against it.