[No. 24822. Department Two. December 12, 1933.]

THE STATE OF WASHINGTON, *on the Relation of Joe Livington, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Howard M. Findley, Judge, Respondent*.[1]

*Yantis & Brodie*, for relator.
*James A. Dougan*, for respondent.

[1]Reported in 27 P. (2d) 729.

TOLMAN, J.—By this proceeding, relator seeks to have set aside an order of the superior court for King county denying a change of venue, and to obtain a mandate from this court directing the superior court to grant a change of venue from King county to Thurston county in a certain cause there pending.

It appears that, on August 9, 1933, C. R. Sneesby and wife, as plaintiffs, filed their complaint in the King county court seeking recovery from relator, as defendant, in a sum exceeding two hundred dollars on a contract for the sale and purchase of real estate. At the time of the filing of the complaint, the plaintiffs in the action procured the issuance of a writ of garnishment directed to R. D. Bodle Company, apparently a resident of King county. The writ was promptly served, and the garnishee, without making a formal answer, promptly paid to the clerk of the King county court the sum of $130, the amount which it then admitted that it owed to the relator.

Up to this time, no service of summons and complaint had been had upon the relator, and he, learning of the pendency of the action through advices from the garnishee, made what is designated as a special appearance and motion to quash the writ of garnishment, entitled in the original action in the following form: ·

"Comes now the defendant Joe Livington by Yantis & Brodie, his attorneys appearing here specially for the purpose of this motion only, and moves the court to vacate, set aside and quash the writ of garnishment heretofore issued herein for the reason that the court is without jurisdiction of the person of the defendant or the subject matter of this action, this defendant having been at the time of the commencing of this action, a resident of Thurston county, and no summons or complaint having ever been served upon the defendant."

This motion was supported by an affidavit showing

that relator, the defendant in that action, was a resident of Thurston county, and that no summons and complaint had been served upon him. After the service of this motion and affidavit upon the attorney for the plaintiffs in the original action, and on September 5, 1933, summons and complaint in the original action were personally served upon the relator in Thurston county. The motion to quash the writ of garnishment was denied on September 6, 1933.

Thereafter, relator, as defendant in the original action, caused to be served and filed therein his general appearance, a demurrer to the complaint, an affidavit alleging non-residence in King county, etc., and that he had a meritorious defense, together with an application for a change of venue to Thurston county under and in compliance with the terms of Rem. Rev. Stat., § 208. The application for change of venue was denied by the trial court, and it is that ruling which is here attacked.

The question is not whether the original motion to quash the writ of garnishment was well taken (it now seems to be conceded that it was not), but whether that motion was a general appearance in the action. If so, the later motion for a change of venue, though otherwise in due form and showing the necessary facts, was properly denied because not made at the time of the first appearance in the cause and therefore waived. On the other hand, if the motion to quash the writ of garnishment was a special appearance only, then the motion for the change of venue was made at the time of the first appearance in the action, and should have been granted.

The only question now presented is as to the character of the appearance by motion to quash the writ. Was it a special or a general appearance? Our statute on appearances, Rem. Rev. Stat., § 241, reads:

"A defendant appears in an action when he answers, demurs, makes any application for an order therein, or gives the plaintiff written notice of his appearance. After appearance a defendant is entitled to notice of all subsequent proceedings; but when a defendant has not appeared, service of notice or papers in the ordinary proceedings in an action need not be made upon him. Every such appearance made in an action shall be deemed a general appearance, unless the defendant in making the same states that the same is a special appearance."

The mere use of the term "special" does not necessarily cause an appearance to be such. To constitute a special appearance only, it must be special in name and in fact, and must not do other than to ask the court to hold that it has no jurisdiction.

The language of the motion here goes no further than the language of the motion considered in *Matson v. Kennecott Mines Co.*, 103 Wash. 499, 175 Pac. 181. Here the court was asked to "vacate, set aside and quash." There the language was in the same identical words, and we there said:

"Clearly there was here no invoking of the jurisdiction of the court by asking for the rendition of a judgment or order in the case such as the court can only render when it has jurisdiction of the persons of the parties to the action. Under our statute, Rem. Code, § 241, and under all the authorities, this constitutes a special appearance only."

See, also, *Rauch v. Zander*, 134 Wash. 40, 234 Pac. 1039.

But it seems to be urged that, because the motion was directed to a writ of garnishment rather than to a summons, therefore the object and purpose was to secure the release of the fund garnisheed, and for that reason the motion went beyond a mere challenge to the jurisdiction.

The release of the fund which would inevitably follow the quashing of the writ would be a mere incident. No writ could be quashed without releasing the property which was thereby impounded. To follow respondent's reasoning in this respect, would be to hold that one could never challenge the jurisdiction to issue a writ of attachment or garnishment without thereby appearing generally in the cause.

There seem to be cases so holding, but the majority rule, and we think the better and general rule, is to the contrary. The majority rule is well stated by the United States supreme court in *Davis v. Cleveland, Cincinnati, Chicago & St. Louis Ry. Co.*, 217 U. S. 157, as follows:

"In other words, it is contended that the person over whom personal jurisdiction has not been obtained cannot appear specially to set aside the attachment of his property, which we must assume in order to completely exhibit the contention, is valid. We cannot concur in the contention. It is supported, it is true, by some cases, but it is opposed by more. Drake on Attachments, § 112, and cases cited. The stronger reasoning we think too is against the contention. A court without personal service can acquire no jurisdiction over the person, and when it attempts to assert jurisdiction over property it should be open to the defendant to specially appear to contest its control over such property; in other words to contest the ground of its jurisdiction. . . . The jurisdiction of the court, therefore, depended upon the attachment, and the appearance to set that aside was an appearance to object to the jurisdiction. In other words, the defendant was only in court through its property, and it appeared specially to show that it was improperly in court."

A multitude of authorities support this rule. We cite but a few of the many, and have selected those mainly because of their full and enlightening discussion of the question. 2 R. C. L. 332, § 12; *Adams v. Tre-*

*panier Lumber Co.,* 117 Ohio 298, 158 N. E. 541, 55 A. L. R. 1118, and an exhaustive note following; *Coffman v. Brandhoeffer,* 33 Neb. 279, 50 N. W. 6; *Belknap v. Charlton,* 25 Ore. 41, 34 Pac. 758; *Price v. Hanson,* 60 Utah 29, 206 Pac. 272; *Tabor v. Baer,* 107 W. Va. 594, 149 S. E. 675.

We conclude that the writ must issue as prayed for, and it is so ordered.

Steinert, Holcomb, Blake, and Geraghty, JJ., concur.