MICHIGAN FIRE & MARINE INSURANCE COMPANY *v.* ROSE.

4-5225                                121 S. W. 2d 63

Opinion delivered November 7, 1938.

*Verne McMillen* and *Will Steel,* for appellant.

*Bert B. Larey,* Texarkana, for appellee.

McHANEY, J. Appellant is a fire insurance company doing business in this state. Appellee is its local agent at Texarkana with power and authority to countersign and deliver policies of insurance in appellant's behalf and to transact business generally for appellant under the directions of Cunningham & Newell Company, general agents for appellant, of Little Rock. On May 22, 1936, appellee executed and delivered appellant's policy of fire insurance to A. C. Powell of Texarkana, covering $400 for stock of merchandise and $1,000 for furniture and fixtures. On June 11, 1936, said general agents, Cunningham & Newell, wrote appellee the following letter: "Mercantile report received in connection with this risk is not a very favorable one and we trust that it will not inconvenience you to relieve us of liability promptly." Appellee says he received this letter on June 15, and, on the same date, wrote the insured the following letter,

after calling at his place of business and not finding him in: "The Michigan Fire & Marine Insurance Company has asked me to take up their policy. I shall have to place the insurance in another company. I shall try to get this through for you in the next few days."

The property covered by this insurance was destroyed by fire at about midnight of June 25th and appellant's policy had not been canceled. On June 30, appellee wrote said general agents at Little Rock as follows: "I had your Notice of Cancellation of this policy. I immediately wrote a letter to the assured and told him the policy was canceled. I made some five or six calls to get the policy, but was unable to see Mr. Powers. Last Wednesday I went to Dallas. I have been away until this morning. When I returned I found that his place had burned. I take it Mr. Powers will voluntarily surrender our policy. If he does not, I think we have sufficient proof that the policy is canceled. After I have time to catch Mr. Powers, I will notify you further."

Appellant, with appellee's concurrence, accepted liability under the policy and settled the claim for $700, less the unpaid premium of $34.02, or a net loss of $665.98. Appellant thereafter sued appellee to recover said sum, because of his neglect in failing and refusing to cancel said policy in accordance with the directions of said general agents, giving the five days notice provided in the policy. There was a general denial, and the court submitted the issues to a jury. There was a verdict for appellee, on which judgment was entered, and the case is here on appeal.

We think the court erred in submitting the case to the jury and in refusing to direct a verdict for appellant at its request. There are no disputed questions of fact. Appellant's general agents directed appellee to cancel the policy, not in those specific words, but substantially to that effect. Instead of saying: "Your insured is a crook and we direct you to cancel the policy," they used much more polite and considerate language to their local agent and said: "Mercantile report received—is not a very favorable one and we trust it will not inconvenience you to relieve us of this liability promptly." In other

words, the general agents wanted off the risk promptly. Appellee did not misunderstand this letter. He knew exactly what was meant for he immediately called on the insured on receipt of this letter June 15, to take up the policy, but he was not in, so he wrote the insured the letter above quoted on the same day, in which he said that the "company has asked me to take up their policy." Well, he was not so directed *in haec verba,* but was directed to relieve appellant of the risk and to do it promptly. It was not necessary to take up the policy in order to cancel it on five days notice, but it is customary to do so. He did not give the insured notice of cancellation, but only that he would have to take up the policy and that he would try to place the risk with another company "in the next few days."

But appellee says the letter from the general agents was not a direction to cancel. This argument comes with very poor grace from him who wrote the letter of June 30 above quoted. In it he says: "I had your notice of cancellation of this policy," and that was true. He knew at that time that the letter of June 11 from the general agents was a direction to him to cancel the risk. All he had to do to cancel the policy was to advise the insured it would be canceled five days following the notice. In this, he failed to follow instructions. The next sentence in the letter of June 30 that, "I immediately wrote a letter to the assured and told him the policy was canceled." This statement was not true. Instead, he delayed action, supposedly trying to place the risk in another company, and in doing so, he acted at his own risk.

The case of *Queen City Fire Insurance Company* v. *First National Bank of Hannaford,* 18 N. Dak. 603, 120 N. W. 545, 22 L. R. A., N. S., 509, is almost exactly in point. There the company wrote to its agent and asked to be relieved of $1,500 liability on a policy issued for $2,000, at the earliest possible moment. The letter was written December 20, 1905, and the agent neglected to comply with said instructions, and on January 15, 1906, the loss occurred. The company compromised the claim and sued the agent for its loss. The Supreme Court of North Dakota held there was no question of fact to be submitted

to the jury, the facts not being in dispute, and that it was the agents duty to act promptly in accordance with his instructions. A later case is *Phoenix Insurance Company* v. *Heath,* 97 Utah 187, 61 Pac. 2d 308, 106 A. L. R. 1391, which is also in point. There the company wrote its agent on November 5, 1932, that it did not have reinsurance facilities to carry $5,000 on a dance hall and stated: "Therefore, while we regret to disturb any of this liability we find it necessary to ask you to reduce Protector's liability under the above policy to $2,500." The agent did not do so, but wrote the company on November 13 asking it to reconsider the matter. It did not do so and the property was destroyed by fire on November 19. In passing upon the agent's liability to his company, the court said: "It is undoubtedly the law that, where an insurance company under the terms of the policy of insurance is entitled to cancel the policy or reduce its amount, it may direct its agent to cancel or reduce and it is the duty of such agent forthwith to do so, and, if he negligently delays in obeying his instructions and loss occurs thereby, he is liable to the insurer for the amount it is required to pay in settlement of the loss. *National Union Fire Insurance Company* v. *Dickinson,* 92 Wash. 230, 159 Pac. 125, Ann. Cas. 1918C, 1042, see, also, note at p. 1043; *Washington Fire & Marine Ins. Co.* v. *Chesebro,* 25 F. 477; *London Assurance Corp* v. *Russell,* 1 Pa. Super. Ct. Rep. 320; 2 Couch Ency. Ins. Law, 1424; 32 C. J. 1073; 14 R. C. L. 874."

So here if appellee desired to place the risk in another company, he would have to act promptly, as requested, to relieve appellant of liability. At least, it was his duty to do so, and if he negligently delayed doing so, as the undisputed facts here show, and loss occurs, as here, he is liable to appellant for the amount it is required to pay to settle the loss.

The judgment will, therefore, be reversed and judgment entered here for appellant for $655.98, but without interest, except from this date, as no interest was prayed and it is not shown when said amount was paid to the insured. It is so ordered.