[No. 32467.   Department Two.   June 4, 1953.]

DALE D. BRADY, *Appellant*, v. CLAUDE A. YOUNT *et al.*, *Respondents.*[1]

*Foster & Foster,* for appellant.

*Parr & Baker,* for respondent.

HAMLEY, J.—This is an action against a husband and wife, individually and the marital community, to recover damages for breach of contract. Before the cause was at issue, the wife filed a motion to have herself and the marital community dismissed from the action with prejudice. The trial court entered an order granting this motion. Plaintiff appeals from this order, contending that improper procedure was followed.

The summons and complaint were served on Claude A. Yount and Nannie I. Yount, his wife, on September 12, 1952.

[1]Reported in 258 P. (2d) 458.

It is alleged in the complaint that Claude A. Yount, acting for himself and the marital community, purchased from appellant a certain gas screw vessel; that, in connection therewith, Yount agreed to hold appellant free and clear of the then existing indebtedness against the vessel; that Yount failed to do so and, as a result, the former owner of the vessel obtained a judgment against appellant in the amount of $4,202.13. The prayer of the complaint, which was directed against both defendants and the marital community, was to recover this $4,202.13, plus $150, representing appellant's reasonable costs in the prior action.

On December 18, 1952, a motion and affidavit of prejudice, a motion to strike three paragraphs of the complaint, and a demurrer to the complaint on three statutory grounds, were served and filed on behalf of both defendants. Twelve days later, on December 30, 1952, a document denominated a "special appearance," together with a supporting affidavit, was filed on behalf of Mrs. Yount. The record does not disclose when this motion and affidavit were served upon opposing counsel.

It is stated in the motion that Mrs. Yount appeared specially for the purpose of having herself and the community dismissed from the action, "for the reason that the court has no jurisdiction" over her or the marital community. In the supporting affidavit, it is averred that Mrs. Yount had no knowledge of the purchase of the vessel until long after the transaction had occurred; that she repudiated the purchase on behalf of herself and the community as soon as she learned of it; that the purchase was not for the benefit of the community; and that the action of her husband was not an act on behalf of the community.

On February 4, 1953, responsive to the affidavit of prejudice, the cause was transferred to the other department of the superior court for Thurston county. On February 9, 1953, the matters raised by the "special appearance" came on for hearing. No controverting affidavit had been filed by appellant. No answer having been filed by respondents, the cause was not then at issue. After reading Mrs. Yount's affidavit and hearing argument of counsel, the trial court, on

February 24, 1953, entered the order of dismissal here under review.

■ The motion to dismiss was not a special appearance because: (1) Mrs. Yount had already appeared generally by joining in the motion to strike and demurrer (RCW 4.28.210 (Rem. Rev. Stat., § 241)); and (2) the effect of the motion was not to challenge the jurisdiction of the court over the person, but to invoke the jurisdiction of the court for the purpose of determining the liability of herself and the community under the contract. See *Teater v. King*, 35 Wash. 138, 76 Pac. 688; *Bain v. Thoms*, 44 Wash. 382, 87 Pac. 504; *State ex rel. Livington v. Superior Court*, 175 Wash. 405, 27 P. (2d) 729.

■■ The issue presented was not one which could be determined on affidavits, whether or not controverted. An affidavit is not a pleading, and cannot be made to take the place of a pleading. *State ex rel. Victor Boom Co. v. Peterson*, 29 Wash. 571, 70 Pac. 71. Mrs. Yount could not, by this method, obtain a determination of the question of her personal obligation and that of the community on the contract.

The order is reversed, and the cause is remanded with directions to deny, without prejudice, the motion of Nannie I. Yount for the dismissal of herself and the marital community from the action.

GRADY, C. J., SCHWELLENBACH, DONWORTH, and FINLEY, JJ., concur.