52 Wn.2d 549 (1958)
327 P.2d 436
MARY FRANCES ZARBELL, Appellant,
v.
BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, Respondent.[1]
No. 34411.
The Supreme Court of Washington, Department One.
July 3, 1958.
Frederick Paul and Johnson & Johnston, for appellants.
Howe, Davis, Riese & Jones, for respondent.
HUNTER, J.
The plaintiff, Mary Frances Zarbell, attempted to gain jurisdiction of the defendant Bank of America, a national banking corporation domiciled at San Francisco, California, by an in rem garnishment on a debtor *550 of the bank, the Alaska Freight Lines, Inc., which is doing business in this state.
The summons and complaint were filed in the superior court of King county and the writ of garnishment was thereafter issued. The complaint was served on the defendant bank in California.
The defendant appeared and filed a motion entitled "SPECIAL APPEARANCE AND MOTION TO QUASH AND DISMISS," wherein it stated:
"BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, defendant in the above entitled action, appearing specially and not generally, moves the above entitled Court for an order quashing the Summons herein and service of the Summons and dismissing the above entitled action upon the grounds that said defendant, BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION is a national banking association organized under and by virtue of the National Banking Laws of the United States of America and has its principal office and place of business in the City and County of San Francisco, State of California, and pursuant to law cannot be sued in any court not embracing within its territorial jurisdiction the City and County of San Francisco, State of California, and that neither at any of the times mentioned in the Complaint herein nor at any time since has this defendant done any business or maintained any agent or representative in the state of Washington; and that the purported Writ of Garnishment herein upon which plaintiff attempts to base jurisdiction herein is contrary to law and is void.
"Defendant appearing specially and not generally, further moves the above entitled Court for an order vacating the Writ of Garnishment..." (Italics ours.)
The defendant's motion was made in reliance upon the following Federal statutes:
"No attachment, injunction, or execution, shall be issued against such association or its property before final judgment in any suit, action, or proceeding, in any State, county, or municipal court. R.S. § 5242." 12 U.S.C.A. § 91. (Italics ours.)
"Actions and proceedings against any association under this chapter may be had in any district or Territorial court of the United States held within the district in which such association may be established, or in any State, county, or *551 municipal court in the county or city in which said association is located having jurisdiction in similar cases. R.S. § 5198; Feb. 18, 1875, c. 80, § 1, 18 Stat. 320; Mar. 3, 1911, c. 231, § 291, 36 Stat. 1167." 12 U.S.C.A. § 94. (Italics ours.)
At the hearing on the defendant's motion, the plaintiff conceded that the writ of garnishment should be quashed but argued that the right of a national bank to be sued in the state in which it is established or located is a right that may be waived, and that, in the instant case, the defendant waived that right when it included in its motion to quash service of summons, a motion to dismiss the action, which the plaintiff contended constituted a general appearance under Washington law. Notwithstanding the plaintiff's argument, the trial court granted the defendant's motion and entered an order in accordance therewith, dismissing the plaintiff's action without prejudice. This appeal followed.
[1] At the outset, it must be borne in mind that the respondent, as a national bank, is a creature of the government of the United States and, as such, is governed by Federal statutes, and can be sued only in the manner defined by congressional acts. Monarch Wine Co. v. Butte, 113 Cal. App. (2d) 833, 249 P. (2d) 291 (1952); Crofoot v. Giannini, 196 Misc. 213, 92 N.Y.S. (2d) 191 (1949).
In Monarch Wine Co. v. Butte, supra, the California court, in discussing the statute in question, stated:
"The federal cases interpreting section 94 seem to establish three propositions: (1) Where actions against a national bank are brought in a state court outside the state where it is located the action must be dismissed because there is no procedure for transferring the action from one state to another. See Schmitt v. Tobin, 15 F. Supp. 35, where an action brought in Nevada against a California national bank was dismissed.... (3) Where the action is brought in a state court of a state in which the bank is located but not in the county of its location, and where state law has a procedure for change of venue, the action must not be dismissed, but upon application must be transferred to the county in which the bank is located." (Italics ours.)
*552 In the case at bar, it is quite obvious that the respondent, in its motion, asserted the immunity provided by Congress in 12 U.S.C.A. § 94, to be sued only at the place of its location.
The appellant, in support of her theory that the respondent waived this immunity by asking for an immediate dismissal of the action, relies upon the case of Teater v. King, 35 Wash. 138, 76 Pac. 688 (1904), wherein this court stated:
"The appearance of appellant was in form special, for the purpose of objecting to the court's jurisdiction over his person, but in the body of his motion he invoked the jurisdiction of the court below on the merits, when he asked for a dismissal. A party desiring to successfully challenge jurisdiction over his person should not call into action the powers of the court over the subject-matter of the controversy. By so doing, he waives his special appearance, and will be held to have appeared generally." (Italics ours.)
In the Teater case, the plaintiff instituted an action for unlawful detainer in the proper state court. After filing of the complaint and summons, a writ of restitution was issued, and pursuant thereto the defendant was ousted by the sheriff from possession of the premises in question. The defendant made a special appearance and moved (1) to quash the summons and set aside the service thereof; (2) to set aside and quash the writ of restitution; and (3) to dismiss the action for the reason that no summons had been issued and served in the cause as required by the law. The trial court granted the motion to quash the summons but refused to quash the writ of restitution or to dismiss the action. Thereafter, the defendant answered and asked judgment restoring him to the possession of the premises, and for costs.
Clearly, the defendant therein, by asking for affirmative relief after his motion to dismiss was denied, waived his special appearance and any right to a dismissal for lack of proper service of summons. For this reason, the conclusion reached by this court on appeal "that the trial court committed no error in denying appellant's motion to dismiss the cause" can be sustained.
[2] However, the language cited above from the Teater *553 case, supra, that a motion to dismiss renders an appearance general, although in form it may be special, is too broad and has been clarified or limited in subsequent decisions of this court. We hold the correct rule to be: that a motion to dismiss based on nonjurisdictional grounds or a combination of jurisdictional and nonjurisdictional grounds renders an appearance general. In Bain v. Thoms, 44 Wash. 382, 87 Pac. 504 (1906), this court recognized such distinction and its effect upon the nature of an appearance. After citing the Teater case, supra, we said, quoting from Burdette v. Corgan, 26 Kan. 102:
"`We remark that this appearance by the motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment not merely on jurisdictional but also on nonjurisdictional grounds, and whenever such a motion is made the appearance is general, no matter what the parties may call it in their motion.'" (Italics ours.)
In State ex rel. Livington v. Superior Court, 175 Wash. 405, 27 P. (2d) 729 (1933), we said:
"The mere use of the term `special' does not necessarily cause an appearance to be such. To constitute a special appearance only, it must be special in name and in fact, and must not do other than to ask the court to hold that it has no jurisdiction." (Italics ours.)
In Brady v. Yount, 42 Wn. (2d) 697, 258 P. (2d) 458 (1953), we held:
"The motion to dismiss was not a special appearance because: (1) Mrs. Yount had already appeared generally by joining in the motion to strike and demurrer (RCW 4.28.210 (Rem. Rev. Stat., § 241)); and (2) the effect of the motion was not to challenge the jurisdiction of the court over the person, but to invoke the jurisdiction of the court for the purpose of determining the liability of herself and the community under the contract. See Teater v. King, 35 Wash. 138, 76 Pac. 688; Bain v. Thoms, 44 Wash. 382, 87 Pac. 504; State ex rel. Livington v. Superior Court, 175 Wash. 405, 27 P. (2d) 729." (Italics ours.)
[3] The effect of the respondent's motion in the instant case is simply to challenge the jurisdiction of the court *554 over the person and to claim the immunity to be sued in the proper court in California. The motion did not invoke the jurisdiction of the trial court on the merits. There has been no adjudication of the appellant's rights on the merits, since a judgment entered dismissing an action for lack of jurisdiction is not a bar to another action in a court having jurisdiction. See 30 Am. Jur. 946, § 209; 49 A.L.R. (2d) 1040. The respondent's motion was well taken under the Federal and state law applicable, and the superior court of King county, therefore, properly dismissed the action without prejudice. (A dismissal without prejudice is not res judicata. See 27 C.J.S. 254, § 73.)
Since the appellant's rights on the merits have not been affected by the disposition made of this case, she may institute her action against the respondent in the proper court in California, in accordance with the Federal statute.
The order of the trial court is affirmed.
HILL, C.J., MALLERY, FINLEY, and OTT, JJ., concur.
October 2, 1958. Petition for rehearing denied.
NOTES
[1] Reported in 327 P. (2d) 436.