[No. 10518.   Department One.   December 18, 1912.]

## BIG BEND LAND COMPANY, *Respondent*, v. SMITH HUTCHINGS, *Appellant*.[1]

VENDOR AND PURCHASER——CONTRACTS——WARRANTY—COVENANTS RUNNING WITH LAND. A contract to convey land by warranty deed does not require a deed direct from the vendor to the purchaser, but is satisfied if the vendor passed title by warranty to a third person who conveyed by warranty to the purchaser; since the covenants run with the land and may be enforced against all the covenantors.

SAME—ASSIGNEE OF VENDOR—LIABILITY. An assignee of a vendor under contract to convey and warrant to the extent of the recited consideration, is bound by the covenant, where he had notice of the rights of the vendee.

SAME—ACTION FOR INSTALLMENT—DEFENSES. In an action on an installment due on a land contract, the vendee cannot defend on the assumption that the plaintiff will not, on the last payment, offer the deed called for by the contract.

ASSIGNMENTS—OPTION TO PURCHASE LAND. The rights of the vendor under an option contract for the purchase of land may be assigned, as the principle of personal confidence is not involved, where the vendee will receive a deed impressed with the agreed upon covenants of his vendor.

Appeal from a judgment of the superior court for Grant county, Steiner, J., entered January 17, 1912, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action on contract. Affirmed.

*W. E. Southard*, for appellant.

*Merritt, Oswald & Merritt*, for respondent.

CHADWICK, J.—On the 19th day of June, 1909, W. M. Garretson and wife executed a contract whereby they agreed to convey to Smith Hutchings, the appellant, a certain section of land in Grant county, Washington, in consideration of the sum of $12,800, to be paid, $1,500 on the delivery of

[1]Reported in 128 Pac. 652.

the contract—which sum was paid—and the balance of the purchase price to be paid as follows: $1,000 September 1, 1909; $500 October 1, 1909; $2,000 November 1, 1909, and the balance to be paid in equal installments on the first day of November in each succeeding year until 1914. Appellant defaulted in the payment due November 1, 1910, and this action is brought by the Big Bend Land Company, the respondent, to recover the amount of that payment with interest. The contract for the sale of the land provided that the vendors would, upon the full payment of the purchase price, execute, or cause to be executed and delivered to the appellant, a deed with full covenants of warranty.

Appellant defends the action, relying upon the case of *Gottschalk v. Meisenheimer*, 62 Wash. 299, 113 Pac. 765, 115 Pac. 79. In that case one Clodius held the legal title. Meisenheimer executed an option contract or executory agreement, said to be in form the same as we have here, in which he agreed to convey the land to Gottschalk with covenants of warranty. Thereafter, to serve some personal end, Meisenheimer caused Clodius to convey to one Maud Motley, afterwards Maud Meisenheimer, who undertook to forfeit the contract. We held, in a suit brought by Gottschalk to recover damages, that, having treated the whole sum as due, Maud Meisenheimer, the holder of the legal title, could not enforce a forfeiture without tendering such deed as the contract required, which was a deed with the personal covenants of Allen Meisenheimer. Meisenheimer had pleaded his contract, nonperformance on the part of Gottschalk, and the attempted forfeiture by Maud Meisenheimer, as defenses. He had kept himself out of the transaction. Had Gottschalk accepted Maud Meisenheimer's deed, he would not have had Meisenheimer's warranty. Neither Meisenheimer's name nor his warranty appeared anywhere in the chain of title. Consequently, neither the holder of the legal title nor the assignee of his contract could insist upon his vendee taking a deed from a stranger without the personal warranty con-

tracted to be given. Here Garretson conveyed by deed of general warranty to respondent, and it must convey by deed of general warranty to appellant. We do not understand that the promised covenants of Garretson must be by deed passing from Garretson to appellant direct, as implied in the argument of counsel. Such a covenant runs with the land and may be enforced against all of the covenantors in the chain of title beginning with Garretson, either jointly or severally, the only qualification or limitation being that the injured vendee shall have but one recovery. This rule is elementary. 8 Am. & Eng. Ency. Law (2d ed.), 159; 11 Cyc. 1101; Rawle, Covenants (5th ed.), 214; 4 Kent, Commentaries (14th ed.), 472; Maupin, Marketable Title, § 159.

It is contended, however, that, if appellant is compelled to accept a deed from respondent, his recovery upon a breach of covenant would be limited to the consideration expressed in the deed from Garretson to respondent, which is $6,000; whereas his contract calls for a deed in consideration of $12,000, thus permitting his vendor and immediate grantor to work an involuntary limitation of the amount of a possible recovery. Without deciding what the rule might be in this or in any other case, but accepting appellant's theory of the law as correct, we think that he has misconceived his position. The assignee of the vendor under an executory contract of sale can take no greater right, and is therefore subject to the same liability as his assignor. 39 Cyc. 1664. The possession of the vendee, or the record of the contract, is notice of the rights of the vendee, and the liability of the vendor. The right of the vendee to strict compliance cannot be limited by any agreement or conveyance between a grantor and a grantee, with notice, pending the performance of the contract. Especially is this so here, for the respondent by taking the assignment of the contract is bound to convey and warrant to the extent of the consideration recited in the contract, which is $12,000. In

other words, the vendee is entitled to the deed his contract calls for.

The case must be affirmed for another reason. Appellant has all the rights he ever had and more, and cannot complain. This action was brought to recover a payment due, and not to enforce a forfeiture. The contract is still extant, and the form of the deed to be given can only be questioned when appellant has performed, or judgments have been taken against him for the several payments due, and a deed tendered. This respondent is not bound to offer before the last payment, or when the judgment is taken on the last note. *Reese v. Westfield,* 56 Wash. 415, 105 Pac. 837, 28 L. R. A. (N. S.) 956. Appellant cannot now assume that respondent will not offer a deed which does not comply with the contract.

We have passed without discussion the suggestion made by counsel that an option contract for the purchase of land cannot be assigned. That it may be done seems to be well established.

"The vendor, by having executed a contract of sale or bond for title, does not deprive himself of the right to convey the fee and thus entitle the grantee to all of his rights in the land subject to the contract. And a vendor has a right to assign his rights under the contract so as to entitle the assignee to enforce the same, at least in the absence of a covenant or stipulation to the contrary. The assignment may be by way of security." 39 Cyc. 1663.

Appellant cites the case of *Arkansas Val. Smelting Co. v. Belden Min. Co.,* 127 U. S. 379, to the effect that, where liabilities, and especially those arising out of personal confidence, are coupled with a contract, it cannot be transferred or assigned. The principle just stated is neither involved nor abused for if appellant finally takes the deed of respondent, he will take in law all that he contracted for; that is, a deed impressed with the covenants of his vendor, Garretson.

The judgment of the lower court is affirmed.

MOUNT, C. J., GOSE, PARKER, and CROW, JJ., concur.