[No. 18826.   Department One.   April 14, 1925.]

HERMAN RAUCH, *Respondent*, v. A. D. ZANDER *et al.,*
*Appellants.*[1]

APPEARANCE (4)—JUDGMENT (24, 26)—DEFAULT—SPECIAL AP-
PEARANCE—JURISDICTION. A special appearance objecting that a sum-
mons and complaint were not in proper form to confer jurisdiction,
plainly shows that the purpose was to quash the service of process,
and calls for a ruling of the court before any default can be entered
against the defendants.

Appeal from a judgment of the superior court for
Whatcom county, Hardin, J., entered April 9, 1924,
denying the vacation of a default judgment, after a
hearing to the court. Reversed.

*Bryan & Sampley,* for appellant.

*F. M. Hamilton* and *John A. Kellogg,* for respond-
ent.

BRIDGES, J.—By this action the plaintiff sought to
have annulled a written contract between himself and
the defendants concerning certain lands. Follow-
ing the service of summons and complaint on the de-
fendants, the plaintiff obtained an order to show cause
why they should not be required to at once surrender
possession of the land. On the day set for hearing
the show cause order (which was ten days before the
expiration of the 20 days from the time of the service
of the summons and complaint), the defendants made a
"special appearance" in that matter. After a hearing,
the court denied plaintiff any relief in that respect.
Thereafter and within twenty days after the service
of the summons and complaint, the defendants filed
and served what is designated as a "special appear-
ance," reading as follows:

[1]Reported in 234 Pac. 1039.

"Now come the defendants through their attorneys.
. . and appear herein specially and not otherwise
and with respect show to the court that there was no
other summons and complaint served on them herein
except the purported summons and complaint hereto
attached which was served on A. D. Zander; that the
said summons is not in proper form to confer juris-
diction on the court, and said complaint is not verified
nor sworn to in the manner required by law or at all,
and these defendants say that they are not required
to answer nor further appear and answer to said un-
verified complaint."

Thereafter the plaintiff served and filed his motion
for default. After a hearing upon notice, the court
gave defendants till a time certain to serve and file
their answer. The answer was not filed, but within the
time specified, defendants served and filed a demurrer
to the complaint, and a motion to strike therefrom,
reserving, however, in each the previous special ap-
pearance. Thereafter and without having made any
ruling on the special appearance or the demurrer or
the motion to strike, the court, on application of the
plaintiff, entered a judgment of default, made findings
of fact, conclusions of law and judgment as prayed.
These the defendants moved to vacate, still reserving
their special appearance. The court denied their mo-
tion, and this appeal results.

The appellants claim that they have never been in
default; that the court was bound to rule upon their
special appearance objecting to the sufficiency of the
original summons and complaint. The respondent con-
tends that the so-called special appearance amounted
to nothing more than a notification that the defendants
appeared in the action, which would not prevent a de-
fault, but which would require all subsequent proceed-
ings taken by the respondent to be served upon them,

and that there was nothing in the special appearance which called for any ruling of the court.

If the special appearance were nothing more than a notice of appearance, then the judgment should be affirmed; but if it were such an appearance as required some ruling of the court to dispose of it, then, it not having been disposed of, appellants were not in default. It must be conceded that the special appearance is unusual in form and indefinite, but it seems to clearly indicate that appellants were contending that the court had no jurisdiction of them. A special appearance ordinarily asks that the service of the process be quashed, but while that relief was not specifically asked for, it is plain that such was appellants' purpose. We are forced, therefore, to the conclusion that this special appearance was for the purpose of questioning the jurisdiction of the court and to quash the service of process. Being such, the appellants could not be in default until the court had disposed of it. It is intimated by the respondent that the fact that the court later granted the default was in effect an overruling of the special appearance motion. But the appellants were entitled to have the record expressly show a ruling of the court.

The judgment is reversed for proceedings in accordance herewith.

TOLMAN, C. J., MAIN, PARKER, and ASKREN, JJ., concur.