[No. 25014. Department One. June 13, 1934.]

M. McELROY, *Respondent,* v. C. E. ANDREWS, *Appellant.*[1]

*P. L. Pendleton* and *W. G. Palmer,* for appellant.
*Rickabaugh & McElroy,* for respondent.

[1] Reported in 33 P. (2d) 379.

MAIN, J.—The plaintiff, as assignee, brought this action to recover the balance due upon an account. The defendant appeared specially, and moved to quash the service, which motion was overruled. He also moved that the assignor of the plaintiff be made a party to the action, and this motion was likewise overruled. The defendant answered and denied liability, and by cross-complaint sought to recover damages. The cause was tried to the court and a jury, and at the conclusion of all the evidence, the plaintiff moved for a directed verdict, which motion the court granted. Judgment was entered upon such verdict in the sum of $226.37, from which the defendant appeals.

The appellant was the owner and publisher of the Sumner News-Index, a weekly newspaper published at Sumner, in Pierce county. The United Press Association was a corporation organized under the laws of the state of New York, with a branch office at San Francisco. Beginning sometime during the year 1929, the press association, at the request of the appellant, began to furnish him what is called the United Press Illustrated and the Washington Mail Service, for which he was to pay for the former twelve dollars per month and the latter four dollars per month. Both of these services continued until the latter part of May, 1932. In the meantime, the appellant, from time to time, made payments upon the account.

June 22, 1932, the appellant wrote the San Francisco office of the association enclosing a check for ten dollars, and stated that he thought he would have to discontinue the pictures, that is, the United Press Illustrated, at least until he got caught up on what he already owed. This letter was responded to with an urge that he continue the service. Thereafter, both services were continued until the time mentioned, at which time there was a balance due for the amount of

the directed verdict. Before beginning the action, the account of the press association was assigned to the respondent.

█ The appellant's motion to quash the service was based upon the fact that the copy of the summons which was served upon him was subscribed by the attorneys for the respondent by a typewriter instead of by pen and ink. Section 221, Rem. Rev. Stat., provides that the summons must be subscribed by the plaintiff or his attorney. Section 226 provides that the summons shall be served by delivering a copy thereof as therein specified. In this case, the original summons was signed by the attorneys for the respondent by pen and ink. The fact that the copy was subscribed by typewriter did not make the service defective or void. *Warner v. Miner*, 41 Wash. 98, 82 Pac. 1033; *Rauch v. Zander*, 138 Wash. 610, 245 Pac. 17. The trial court did not err in refusing to quash the service.

█ The ruling of the court in denying the motion to have the United Press Association made a party to the action was in accordance with the holding in the case of *State ex rel. Alaska Pac. Nav. Co. v. Superior Court*, 113 Wash. 439, 194 Pac. 412, and therefore there was no error in this respect.

█ Whether the motion for a directed verdict was properly sustained depends upon whether there was any substantial dispute in the evidence as to the amount due upon the account, and whether there was any substantial dispute in the evidence on the appellant's claim for damages. The latter claim was predicated upon the assumption that the appellant had ordered the discontinuance of the United Press Illustrated, and since it was not discontinued and his payments were not sufficient to cover both, the result was that he was subsequently denied the Washington Weekly Mail Service, and was thereby damaged in the

4

sum of three hundred dollars. On this phase of the case, there are two answers; one, that the appellant did not, by the letter above mentioned, direct that the service of the United Press Illustrated be discontinued. On the other hand, if the letter should be given that construction, it would be ineffective, because subsequently both services were furnished to the appellant and used by him until the time above specified. The evidence shows without substantial dispute that the balance due for the two services, at the time they were discontinued, was the amount for which the judgment was entered. The verdict was properly directed.

The judgment will be affirmed.

MILLARD, MITCHELL, STEINERT, and HOLCOMB, JJ., concur.