

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

|   |   |
|---|---|
| GREAT FLOORS, LLC, a Washington limited liability company, | No. 75244-8-I |
| Appellant, | DIVISION ONE |
| v. | UNPUBLISHED OPINION |
| WHOLESALE FLOORS, LLC, a Delaware limited liability company; WHOLESALE FLOORS NORTHWEST, LLC, a Delaware limited liability company; IAN MARTON and SHERI MARTIN, husband and wife; DAN GAMBLE; and DOES 1-25, | |
| Respondents. | FILED: July 31, 2017 |

TRICKEY, A.C.J. — Great Floors, LLC appeals the trial court's summary judgment order dismissing its numerous claims against two of its former employees and their current employer. Great Floors argues that the trial court erred because there were material questions of fact remaining for each of its claims. But, because Great Floors did not support its assertion with developed legal argument, we do not review it. Great Floors also challenges the trial court's decision not to order restitution for a benefit it conferred on its former employees as consideration for an unenforceable agreement not to compete. Because Great Floors did not raise this issue at the trial court, we do not review it.

Finally, Great Floors argues that the trial court's award of attorney fees was an abuse of discretion. Because the trial court carefully considered the request for attorney fees and found that the hours spent on the case were reasonable,

necessary, and appropriate, we disagree. We affirm.

## FACTS

Great Floors is a specialty floor covering business, with headquarters in Coeur d'Alene, Idaho. Great Floors does business in Washington and Idaho. Ian Martin worked for Great Floors from April 1994 to January 2014. Dan Gamble worked for Great Floors from November 2004 to January 2014. Martin was the Vice President of Commercial Sales and Gamble was the Manager of the Spokane Commercial Sales' Division. Both men signed contracts containing nondisclosure agreements and agreements not to compete with Great Floors for one year after the termination of their employment.

In January 2014, Martin and Gamble informed Great Floors that they were leaving the company and gave Great Floors their two weeks' notice. They both took positions with Wholesale Floors, LLC.

In February 2014, Great Floors paid Gamble $38,793. In April 2014, Great Floors paid Martin $38,542. The parties dispute whether these were bonuses that Great Floors was contractually obligated to pay Martin and Gamble or consideration for agreements not to compete with Great Floors indefinitely.

Throughout 2014, Martin and Gamble were Operations Consultants for Wholesale Floors' Arizona market. But Wholesale Floors treated Gamble as a Washington employee and Martin as an Idaho employee. Both employees remained in social contact with Great Floors' customers and assisted Wholesale Floors with its preparations to open a new store in Spokane.

2

In January 2015, Wholesale Floors opened a branch in Spokane. That month, Divcon, a Great Floors' customer, awarded Wholesale Floors a contract for which Great Floors had bid on in the fall of 2014.

In February 2015, Great Floors sued Gamble, Martin, and Wholesale Floors, LLC, and Wholesale Floors Northwest, LLC (collectively, Wholesale). Great Floors alleged 15 causes of action, including breach of contract, breach of fiduciary duties, breach of covenant of good faith and fair dealing, misappropriation, tortious interference with contract, unfair competition, and fraud. Wholesale moved for summary judgment on all of Great Floors' claims. The court granted the motion. The court also awarded Wholesale $63,270.50 in attorney fees and costs.

Great Floors appeals.

## ANALYSIS

### Great Floors' Claims

In its first assignment of error, Great Floors asserts that the trial court erred by granting Wholesale's motion for summary judgment on most of its claims because material questions of fact remain. We do not consider this assignment because Great Floors fails to support it with developed argument and citation to case law.

A party must support the issues it presents for review with argument, "citations to legal authority," and "references to relevant parts of the record." RAP 10.3(a)(6). "Passing treatment of an issue or lack of reasoned argument is insufficient to merit judicial consideration." Brownfield v. City of Yakima, 178 Wn.

3

App. 850, 876, 316 P.3d 520 (2014).

In its complaint, Great Floors alleged numerous causes of action against the various defendants. In its brief to this court, Great Floors does not identify the elements of any of those causes of action. Although Great Floors suggests that there are disputed issues of fact, it does not provide sufficient legal argument to determine whether those disputes are material to any element of its causes of action or show that it produced evidence to support the other elements of its claims.

Moreover, Great Floors' references to the record are too broad to permit adequate review.[1] Great Floors' statement of the case contains more specific assertions of fact and appropriate citations. But Great Floors fails to show the legal significance of those facts in its argument section.

Accordingly, we do not review Great Floors' first assignment of error.

## Restitution

Great Floors next argues that the trial court erred by concluding that the parties agreed to an indefinite noncompete agreement and determining that the agreement was unenforceable as against public policy, without ordering Martin and Gamble to repay the consideration they received in exchange for agreeing not to compete. We decline to review this matter because Great Floors did not raise it at the trial court.

Generally, we do not consider matters raised for the first time on appeal.

---

[1] See, e.g., "Although both Ian Martin and Gamble stated they complied with the terms and conditions of the Employment Agreement, the record before the tr[ia]l court when viewed in the light most favorable to Great Floors shows they did not comply and in fact breached the Employment Agreements. CP [at] 598-608, 569-567, 527-568, 609-707, 467-473, 409-433, 440-460; and RP [at] 17-33:1-12." Br. of Appellant at 16.

RAP 2.5(a).

Great Floors did not assert in its complaint or argue in its written or oral opposition to summary judgment, that it was entitled to restitution because the alleged oral contract was void or unenforceable. In its written opposition to summary judgment, Great Floors stated that it was "entitled to a return of the monies paid" to Martin and Gamble.[2] But the basis of its request was that it had relied "upon Gamble's and Martin's false representations."[3] Thus, Great Floors did not raise this issue below.

Moreover, the trial court's decision to dismiss Great Floors' claims did not rest on a determination that these were unenforceable noncompete agreements. Wholesale's primary argument against enforcement of the alleged oral contract was that there was undisputed evidence that Great Floors had paid Martin and Gamble the bonuses because it was contractually obligated to, not because the bonuses were consideration for an extended noncompete agreement. Wholesale argued, in the alternative, that any contract containing an agreement not to compete indefinitely would be barred by public policy.

Contrary to Great Floors' assertion, the trial court did not dismiss Great Floors' breach of contract claim because it concluded that the parties had formed an unenforceable agreement not to compete. Rather, the court found that "these were clearly bonuses that were owed."[4] The court agreed with Wholesale that an indefinite noncompete agreement would be unenforceable, but did not base its

---

[2] Clerk's Papers (CP) at 479.
[3] CP at 479.
[4] Report of Proceedings (RP) (April 1, 2016) at 43.

decision on that fact.

In sum, Great Floors did not argue at the trial court that it was entitled to restitution because the contracts it allegedly formed with Martin and Gamble were unenforceable, and the trial court's decision was not based on a determination that the alleged contract would have been unenforceable. Thus, we do not consider Great Floors' request for rescission and restitution.

## Attorney Fees at the Trial Court

Great Floors contends that the trial court's attorney fee award was an abuse of discretion. Specifically, Great Floors argues that the trial court should not have awarded any attorney fees in excess of $28,000. We disagree.

The trial court must award attorney fees to the prevailing party when the action is based on a contract that specifically provides for an award of attorney fees to the prevailing party. RCW 4.84.330. The award of fees is mandatory, but the court has discretion over the amount of fees. Crest Inc. v. Costco Wholesale Corp., 128 Wn. App. 760, 772, 115 P.3d 349 (2005). "If attorney fees are recoverable for only some of a party's claims, the award must properly reflect a segregation of the time spent on issues for which fees are authorized from time spent on other issues." Mayer v. City of Seattle, 102 Wn. App. 66, 79-80, 10 P.3d 408 (2000). But the "trial court need not segregate the time if it determines that the various claims in the litigation are 'so related that no reasonable segregation of successful and unsuccessful claims can be made.'" Mayer, 102 Wn. App. at 80 (quoting Hume v. American Disposal Co., 124 Wn.2d 656, 673, 880 P.2d 988 (1994)). "A trial court abuses its discretion only when its decision is manifestly

unreasonable." Crest Inc., 128 Wn. App. at 772.

Here, Great Floors signed employment agreements with Martin and Gamble that provided, "In the event any action is filed in relation to this Agreement, the prevailing party shall be entitled to their reasonable attorney's fees and costs."[5] The trial court found that Wholesale was the prevailing party because it had dismissed all of Great Floors' claims against Wholesale on summary judgment. The trial court awarded it $63,270.50 in attorney fees and costs. With a few exceptions, the court made "an independent finding" that the fees were "appropriate, reasonable, [and] necessary."[6]

The trial court's oral ruling demonstrates that it carefully considered Wholesale's motion and Great Floors' objections. The court noted that Wholesale had supported its motion with detailed billing statements. It also stated that it was difficult to review Great Floors' challenge to the reasonableness of the time spent, because Great Floors did not challenge any specific entries as excessive or unreasonable. The court denied all attorney fees related to Wholesale's unsuccessful motion to disqualify Great Floors' attorney. It granted Wholesale's request for attorney fees related to the time Wholesale spent having an attorney admitted pro hac vice. The court also allowed Wholesale to recover attorney fees for time spent on a motion to compel evidence, noting that Wholesale had already subtracted the value of a sanction it had been awarded related to that motion.

Great Floors objects to the time spent on Wholesale's motion for summary judgment. It does not explain why the time spent on that motion was excessive,

[5] CP at 23, 28.
[6] RP (May 13, 2016) at 75.

7

other than noting that Wholesale billed over $28,000 for it. In light of the numerous causes of action Great Floors brought, and without specific objection to the time spent, there is no basis to conclude that the time spent on that motion was excessive.

Great Floors also objects to the trial court awarding attorney fees for the time Wholesale spent having an attorney admitted pro hac vice and as additional compensation for the time it spent preparing a motion to compel discovery. While it is true that the court had already awarded Wholesale $2,500 as a sanction against Great Floors for the motion to compel, Great Floors does not appear to dispute that Wholesale spent additional time on the motion or that the time Wholesale spent was reasonable. Great Floors does not cite any authority to support its argument that a court may not award attorney fees in excess of a sanction it previously ordered, when there is evidence that the party's attorney fees exceed the awarded sanction. Similarly, Great Floors does not cite any authority to support its argument that attorney fees are not available for administrative matters, including pro hac vice admission.

Great Floors also asserts that the contract allowed for attorney fees only for the breach of contract claims and that the trial court should have required Wholesale to segregate its attorney fees. Wholesale argues that all of the causes of action arise out of and are "inextricably connected to Gamble's and Martin's Great Floors Employment Agreements."[7] For example, Great Floors' claims also include that Martin and Gamble breached their fiduciary duties to Great Floors and

---

[7] Br. of Resp'ts' at 47.

breached their duties of good faith and fair dealing, both of which stemmed from their employment agreements.[8]

Great Floors makes no effort to explain why many of its other causes of action do not relate to the employment agreement. As discussed above, such passing treatment of an issue is insufficient to merit judicial consideration.

None of Great Floors' objections provide a reason to disturb the trial court's carefully reasoned award of attorney fees. We conclude that the trial court did not abuse its discretion.

## Attorney Fees on Appeal

As the prevailing party, Wholesale is entitled to its reasonable attorney fees for this appeal based on the attorney fee provision in Martin's and Gamble's employment agreements. RCW 4.84.330; Harris v. Fortin, 183 Wn. App. 522, 531, 333 P.3d 556 (2014).

Affirmed.

Trickey, ACJ

WE CONCUR:

Mann, J.

Spearman, J.

---

[8] Moreover, in both Great Floors' complaint and its brief to this court, Great Floors requests attorney fees if it is the prevailing party, without singling out its breach of contract claims as the only cause of action allowing attorney fees.