[No. 15790.   Department One.   April 10, 1920.]

THE STATE OF WASHINGTON, *on the Relation of Rothwell & Company, Incorporated, Plaintiff,* v. THE SUPERIOR COURT FOR KING COUNTY, MITCHELL GILLIAM, *Judge, Defendant.*[1]

APPEARANCE (5)—SPECIAL APPEARANCE—MOTION TO QUASH SERVICE OF SUMMONS—JURISDICTION ACQUIRED. A special appearance to quash service of summons for want of jurisdiction of the person of the defendant, raising questions of fact as to whether defendant was doing business in this state or had an agent herein upon whom process could be served, submits to the jurisdiction of the court for the purpose of deciding all questions of law and fact necessary to dispose of the motion.

DEPOSITIONS (1)—WHEN MAY BE TAKEN—SPECIAL PROCEEDINGS. Upon a special appearance to quash service of summons, raising questions of fact as to whether defendant was doing business in this state or had an agent herein upon whom service of summons could be made, depositions may be taken in opposition to the motion, under Rem. Code, §§ 1231, 1232, authorizing the same in any pending action, suit or proceeding at any time after service of summons, under the liberal construction of the code required by Rem. Code, § 144.

SAME (5)—TIME OF TAKING. Rem. Code, § 1232, authorizing the taking of depositions at any time after service of summons, means at any time after the court has acquired jurisdiction of the particular proceeding by means equal in its legal effect to service of summons.

[1] Reported in 189 Pac. 556.

Application filed in the supreme court March 5, 1920, for a writ of prohibition to prevent the superior court for King county, Gilliam, J., from issuing a commission to take the depositions of certain witnesses. Denied.

*Geo. H. Rummens* and *Hastings & Rubens,* for plaintiff.

*Peters & Powell,* for defendant.

PARKER, J.—This is an original proceeding in this court wherein the relator seeks a writ of prohibition to prevent the superior court for King county from issuing a commission to take the depositions of certain witnesses residing in the state of New York, to be read in evidence upon the hearing of relator's motion to quash a service of summons purported to have been made upon it personally in King county, which summons was issued in an action commenced against it by the filing of a complaint in the superior court for that county.

On September 5, 1919, Cook Swan Company, a corporation, commenced an action in the superior court for King county by the filing of its complaint therein, seeking recovery of a personal money judgment against relator rested upon a claim of damages alleged to have resulted from a breach of a contract on the part of relator. Thereafter, on the same day, a summons was duly issued in that action, which was then placed for service in the hands of a person duly authorized to make service thereof, who, on the same day, made return of service thereof as follows:

"On the 5th day of September, 1919, I duly served the within summons upon Rothwell and Company, Inc., a corporation, it being the defendant named in said summons, by delivering to and leaving with T. G.

Stewart, managing agent of defendant, Rothwell and Company, Inc., a corporation, personally in said King county, a copy of said summons, together with a copy of the complaint in said action.''

Relator is a corporation organized and existing under the laws of the state of West Virginia. The action was commenced, and the service of summons made, as evidenced by the return thereof above noticed, upon the theory that the relator was doing business in this state and could, therefore, be sued therein, and that Stewart was its duly authorized agent upon whom service of summons as such could be lawfully made as against relator. Within twenty days after the purported service of summons, relator caused to be entered in the action its special appearance for the sole purpose of moving to quash the service of summons made upon Stewart `as its agent; and made its motion accordingly, rested upon the grounds as follows:

''That said T. G. Stewart . . . is not now and never has been an agent, cashier, secretary, officer or other representative of the defendant, Rothwell and Company, Inc., a corporation of the state of West Virginia; that said T. G. Stewart was not on September 5, 1919, or at any time, either prior to or subsequent to the time of said alleged attempted and pretended service, authorized to receive service of any process, summons, pleadings or other papers as agent of the defendant, . . .

''That said defendant, Rothwell and Company, Inc., . . . is a citizen and resident of the state of West Virginia and was not and is not now a corporation of the state of Washington or organized, doing or transacting business within the state of Washington, and was not, at the time of the attempted service, on the to wit: 5th day of September, 1919, and is not now a resident of the state of Washington, nor the county of King in said state; that it had not, at the time of said attempted service, any office or principal place of

business within King county or the state of Washington; that it did not, at the time of said attempted service, and does not now, maintain any office or place of business within King county or the state of Washington, and that it did not, at the time of said attempted and alleged service, and does not now maintain any agent within King county or the state of Washington, and never has maintained any office or any agent or agents or places of business within King county or the state of Washington.''

Counsel for relator filed in the case with its motion to quash, three affidavits in support of the facts alleged in its motion as grounds for quashing the service of summons, thus presenting to the superior court the questions of fact: (1) as to whether relator was doing business in the state of Washington, and (2) as to whether or not Stewart was its agent upon whom service of the summons could be made as against it. Thereafter, upon due notice to counsel for relator, counsel for Cook Swan Company applied to the superior court for a commission to take the depositions of certain witnesses residing in New York, to be read in evidence upon the hearing of relator's motion to quash the service of summons, and asked that a final hearing upon the motion to quash be continued until the depositions of such witnesses could be taken. Counsel for relator then objected to the issuance of the commission to take the depositions as asked for, insisting that the superior court had no jurisdiction or power to issue a commission to take depositions to aid in the determination of the issues of fact tendered in relator's motion to quash, or upon any other branch of the case, until it should be determined that the court had acquired jurisdiction over the relator by proper service of summons upon it within the territorial jurisdiction of the superior court. The judge of the superior court then announced his intention to order

the issuance of a commission to take depositions as asked for by counsel for Cook Swan Company. This announcement of the judge of the superior court was promptly followed by an application to this court for a writ of prohibition in this proceeding, since which time the matter has been held in *status quo* by appropriate order of this court.

It is plain from the record before us that the application for the issuance of the commission to take the depositions of witnesses in New York, and the contemplated ordering of the issuance of such commission by the superior court, look only to the taking of depositions of witnesses in so far as their testimony may be material and relevant to the issues of fact tendered by relator's motion to quash the service of summons, and that the superior court has no intention of issuing a commission to take depositions touching the merits of the cause of action pleaded in the complaint of Cook Swan Company.

Care must be exercised, as we proceed, to avoid the confusion which would result from a failure to properly appreciate the difference between the question of the jurisdiction of the superior court over the person of relator in the main action for the purpose of its disposition upon the merits, and the question of the jurisdiction of the superior court over the person of relator for the purpose of disposing of its motion to quash the service of summons purported to have been made upon it and evidenced as the statute directs. Relator's special appearance for the sole purpose of making its motion to quash the service of summons, of course, prevents such appearance from having the effect of relator's waiving service of summons or of submitting itself to the jurisdiction of the court for the purpose of enabling the court to dispose of the main case upon the merits; but manifestly all ques-

tions, both of *law and fact,* which are necessary to be determined by the court in disposing of relator's motion to quash the service of summons are, by the very making of that motion, voluntarily submitted by relator to the court for decision. It is to us unthinkable that relator could voluntarily appear in the action, though he may ever so plainly tell us, in his motion to quash the service of summons, that he appears solely for the purpose of that motion, tender issues of fact therein which must necessarily be decided in disposing of the motion, and, at the same time, be heard to argue that the court is not permitted to hear evidence offered in opposition to such motion, as well as evidence in support of it, to aid in deciding the issues of fact tendered thereby. It may be that counsel for relator do not consider that their argument goes to this extent, but their repeated insistence in their brief, and upon oral argument, that relator's appearance is special and in no way waives service of summons in the action, or in any respect submits relator's person to the jurisdiction of the court, seems to suggest that counsel do not regard relator's appearance such as to even enable the court to render such a decision upon the motion to quash the service of the summons as will be conclusive upon relator. We are of the opinion that, by making the motion to quash the service of summons, relator did submit itself to the jurisdiction of the superior court for the purpose of disposing of that motion, and for the purpose of the court deciding all questions, both of *law and fact,* necessary to be decided in properly disposing of it.

Is the superior court authorized to cause depositions of witnesses residing in another state to be taken, to the end that their testimony so taken may be read in evidence upon the trial of the issues of fact tendered and presented to the court for decision by a motion to

quash the service of a summons in an action at law? This is the real question here to be decided. The following sections of Remington's Code, relating to the taking of depositions, we think answers this question in the affirmative:

"Sec. 1231. The testimony of a witness may be taken by deposition, to be read in evidence in an *action, suit, or proceeding commenced and pending in any court in this state,* in the following cases:

".(4). When the witness resides out of the state."

"Sec. 1232. Either party may commence taking testimony by depositions at *any time after service of summons upon the* defendants."

We italicize the words to be particularly noticed. Sections 1239 and 1240 provide for the issuance of commissions to take depositions of witnesses outside of this state, which sections we notice only for the purpose of showing that the superior court has express statutory authority for issuing such commissions. Counsel for relator rely particularly upon the words "any time after the service of summons," found in § 1232, above quoted. To read these words literally as a restriction upon the time when a party may commence taking depositions in an "action, suit, or proceeding," would be to hold them as meaning that, in actions, suits or proceedings in which the court should acquire jurisdiction over the controversy and the persons of the parties thereto without the service of summons, but by voluntary appearance, no depositions could ever be taken to aid the court in deciding the questions of fact presented.

We are of the opinion that the words "any time after service of summons" mean any time after the court has acquired jurisdiction over the particular action, suit or proceeding, and the persons of the parties thereto, by any means which is equal, in its legal

effect, to the service of a summons, and that either party may commence the taking of depositions upon the issues of fact to be tried in such "action, suit, or proceeding" at any time after jurisdiction has been so acquired by the court. We have already seen that the superior court has acquired jurisdiction over the question of the legal sufficiency of the purported service of summons and of the person of relator, in so far as the disposition of its motion to quash and all questions of law and fact necessarily involved therein is concerned.

Is this an "action, suit, or proceeding commenced and pending" in the superior court for King county? We are not suggesting this question with reference to the main action, but solely with reference to relator's motion to quash the service of summons and the issues thereby voluntarily tendered by it for decision. We are reminded by counsel for relator that the procuring of testimony by the taking of depositions in pure law actions was unknown to the common law. They then argue that statutes providing for the taking of depositions, being in derogation of that rule, are to be strictly construed; and that so construing § 1231, it must be held to mean that depositions can be taken only for the purpose of producing testimony to be read upon the trial of a law action upon its merits. We cannot agree that § 1231 calls for such a strict construction. It seems to us that the words "action, suit, or other proceeding commenced and pending" mean any proceeding commenced and pending in court which in its proper disposition calls for the decision of questions of fact. There would seem to have been no purpose in using the three words "action," "suit," and "proceeding," unless there was a legislative intent to embrace something more than a plain action at law. The decisions of the court touching similar

questions seem to be out of harmony, but we appre-
hend such want of harmony arises largely from the
difference in the statutes under which such questions
arose.  It hardly needs argument to demonstrate that
this statute is purely a remedial one.  That of itself
suggests a liberal construction, but we have something
more than that as our guide in the very act of the legis-
lature wherein is found §§ 1231 and 1232, above quoted
from, for in § 144, Rem. Code, we read:

"The provisions of this code shall be liberally con-
strued, and shall not be limited by any rule of strict
construction."

All three of these sections were embodied in the
civil procedure act of 1881, found in the code of 1881,
being §§ 409, 410, and 758 thereof, which civil procedure
act is embodied in §§ 1 to 763, inclusive, of that code.
(See, also, Laws of 1891, p. 40).  Nothing, it seems,
could render more plain our duty to give to these sec-
tions a liberal construction.  We think the motion
to quash and the disposition of the issues thereby pre-
sented constitute a proceeding within the meaning of
§ 1231, above quoted.  Several cases are called to our
attention wherein it is held that trial courts have no
power to issue commissions to take depositions prior
to the acquiring of jurisdiction over the persons of
the parties to the controversy, but with one possible
exception, such decisions deal with the question of
taking depositions touching the merits of the main
action before the acquiring of jurisdiction over the
person of the defendant for the purpose of determin-
ing the merits of the main action.  That is not this
case.  The only case coming to our attention which
seems to hold to the contrary of the conclusion we
here reach is that of *Woods v. Dickinson,* decided by
the supreme court of the District of Columbia in 1889,
18 App. D. C. (7 Mackey) 301.  The situation there

involved may not be wholly distinguishable in principle from that here involved, though there is room for so arguing. If our conclusion here reached be, in fact, inconsistent with the views of that learned court, we nevertheless feel constrained to adhere to it, in view of the language of our deposition statute and the liberal construction thereof we are required to place upon it by the express terms of another section of the same legislative act.

Some contention is made that prohibition is not a proper or available remedy for relator, in that its remedy by appeal is adequate. There is fair room for argument on both sides of this question, which we do not find it necessary to here decide, being clearly of the opinion that in no event is relator entitled to the relief prayed for.

The writ is denied.

TOLMAN, MITCHELL, and FULLERTON, JJ., concur.

HOLCOMB, C. J., concurs in the result.