[No. 21292. Department One. June 14, 1928.]

THE STATE OF WASHINGTON, *on the Relation of Edward Clark Hamlin, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

[1] DIVORCE (82, 83)—PROPERTY RIGHTS—INTERLOCUTORY DECREE—CONCLUSIVENESS. Under Rem. Comp. Stat., § 988, providing that the interlocutory decree of divorce shall finally determine property rights but shall not terminate the marriage relation, and that the final decree shall follow the interlocutory decree, the action is pending, entitling the wife to a disposition of the property, until final decree, where that was not done for want of jurisdiction over the person of the defendant at the time the interlocutory decree was entered.

[2] APPEARANCE (5)—DIVORCE (20)—SPECIAL APPEARANCE—JURISDICTION ACQUIRED. The defendant's appearance after an interlocutory decree of divorce, and motion for entry of a final decree, is such an appearance as to give the court jurisdiction to adjudicate property and alimony rights against him.

[3] DIVORCE (44, 45-1)—ABSOLUTE DIVORCE—RIGHT TO ENTRY OF FINAL DECREE. The husband against whom an interlocutory decree of divorce was entered, without adjudging property rights for want of jurisdiction over his person, is not entitled to the entry of a final decree of divorce, under Rem. Comp. Stat., § 988-1, over the objection of the wife, seeking to obtain alimony and property by a supplementary order or judgment, on the husband's appearance in the case.

Application filed in the supreme court May 1, 1928, for a writ of mandate to the superior court for King county, Kinne, J., to compel the entry of a final decree of divorce. Denied.

*Stratton & Kane (Herbert Little,* of counsel), for relator.

*Stanley J. Padden* and *George F. Ward,* for respondents.

PARKER, J.—The relator, Hamlin, seeks a writ of mandate from this court to compel the superior court

[1]Reported in 268 Pac. 159.

for King county to enter a final decree of divorce in pursuance of an interlocutory order awarding to his wife such final decree, the statutory six months' period following the entry of the interlocutory order having expired. Mrs. Hamlin resists the entering of such final decree until her alimony and property rights are adjudicated in the divorce action.

The controlling facts here appearing may be summarized as follows: At all times in question, relator Edward Hamlin and Martha Hamlin have been husband and wife. In August, 1926, Mrs. Hamlin commenced an action·against Mr. Hamlin in the superior court for King county seeking a decree of divorce dissolving their marriage relation; alleging in her complaint, as grounds therefor, non-support, abandonment and cruelty; further alleging disposition and secretion of their community property by him. She prayed not only for a decree of divorce, but for alimony and general relief as to her property rights. By reason of Mr. Hamlin's having left the state just before the commencement of the action, she could not cause him to be personally served with summons in the action. She thereupon caused service of summons to be made upon him by publication, and he having failed to appear and respond to her complaint within the time required by law, such proceedings were had in the action that he was duly adjudged to be in default, and, upon proof presented in her behalf, she was, by the court on January 11, 1927, duly awarded an interlocutory order adjudicating her to be entitled to a final decree of divorce, to be thereafter entered after the expiration of the six months' statutory period. The court found her entitled to such decree upon the grounds alleged in her complaint, and also found that Mr. Hamlin had sold their community property and left the state, and had failed to account for the property. Thus, Mrs.

Hamlin was unable to have the court, by the interlocutory order, award her alimony or make any disposition of the property. So, the interlocutory order went no further than to adjudicate her to be entitled to a final decree of divorce.

The record of the case so remained until July 19, 1927, when Mr. Hamlin filed in the case his motion and application, reading as follows:

"Comes now the defendant Edward Clark Hamlin, through his attorneys Stratton & Kane, and hereby makes his appearance solely for the purpose of obtaining a final decree of divorce, and moves that a decree be entered herein finally dissolving the bonds of matrimony now existing between the plaintiff and defendant, and making permanent the interlocutory decree entered herein on the 11th day of January, 1927.

"This motion is based upon the records and files herein and the affidavit of defendant attached hereto."

The attached affidavit is only to the effect that there has been no cohabitation or reconciliation of the parties, and that "the defendant makes this affidavit and appearance for the sole purpose of obtaining a final decree of divorce." Thereupon Mrs. Hamlin, proceeding upon the theory that Mr. Hamlin, by his motion and application, had entered his general appearance in the divorce action, petitioned the court for an adjudication of her alimony and property rights, as prayed for in her complaint, and that the court deny his application for entry of a final decree of divorce until such an adjudication can be had. In her petition, she alleges facts showing that she has been, at all times prior to the filing of Mr. Hamlin's present motion and application, unable to bring him personally into the case so as to enable the court to adjudicate her alimony and property rights as against him.

Upon consideration of these applications of Mr. and

Mrs. Hamlin, the court filed a memorandum decision holding, in substance, that his motion and application for the entry of a final decree of divorce be denied until the disposition of her petition for an adjudication of her alimony and property rights, and that her petition should be set down for hearing and disposition upon the merits. A formal order was prepared accordingly, which the trial judge announced his intention to enter; also announcing that he would delay entering such order so as to give Mr. Hamlin an opportunity to apply to this court for a writ looking to the compelling of the entry of a final decree of divorce without determination of Mrs. Hamlin's application for an adjudication of her alimony and property rights as against him. Soon thereafter Mr. Hamlin accordingly applied for and was awarded an alternative writ, which, in effect, brings to us the question of his right to have a final decree of divorce entered, regardless of any adjudication of her alimony and property rights, as sought by her; and also the question of her right to now have her alimony and property rights adjudicated in the divorce action.

[1] Is the divorce action still pending for the purpose of Mrs. Hamlin's having her alimony and property rights adjudicated therein? Counsel for Mr. Hamlin contend that it is not, invoking the language of our divorce statute, referring to the sections of Remington's Compiled Statutes, reading as follows:

"§ 988 . . . at the conclusion of the trial the court must make and file findings of fact and conclusions of law. . . . If, however, the court determines that either party, or both, is entitled to a divorce an interlocutory order must be entered accordingly, declaring that the party in whose favor the court decides is entitled to a decree of divorce as hereinafter provided; which order shall also make all necessary

provisions as to alimony, costs, care, custody, support and education of children and custody, management and division of property, which order as to the custody, management and division of property shall be final and conclusive upon the parties subject only to the right of appeal; but in no case shall such interlocutory order be considered or construed to have the effect of dissolving the marriage of the parties to the action, or of granting a divorce, until final judgment is entered: Provided, that the court shall, at all times, have the power to grant any and all restraining orders that may be necessary to protect the parties and secure justice. . . ."

"§ 988-1. At any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of an appeal, if taken therefrom, the court, on motion of either party, shall confirm such order and enter a final judgment granting an absolute divorce, from which no appeal shall lie."

It seems to us that Mr. Hamlin is in no position to urge at this time that the action is not pending for the purpose of adjudicating Mrs. Hamlin's alimony and property rights as against him. Their marriage relation still exists by the express language above quoted from Rem. Comp. Stat., § 988 [P. C. § 7507]; and her alimony and property rights have not been adjudicated, though by her complaint she made the determination of those rights an issue in the case, but was unable to have them determined because of her inability to obtain personal service of summons in the action upon him. It is true, the above quoted language of the statute contemplates that the alimony and property rights of the parties to a divorce action shall be adjudicated by the interlocutory order, but manifestly that only means that such adjudication shall be made when the jurisdiction over both parties is such as to enable the court to make it. In view of the fact that the marriage relation of these parties still exists,

we see no reason for holding that Mrs. Hamlin's alimony and property rights may not be adjudicated in the divorce action by a supplemental interlocutory order at any time prior to the entering of the final decree dissolving their marriage relation; providing, of course, the court acquires jurisdiction over Mr. Hamlin such as will enable it to adjudicate such rights as against him.

[2] Is Mr. Hamlin's motion and application for the entering of a final decree of divorce such an appearance by him in the action as to enable the court to assume jurisdiction over him as upon a general appearance by him in the action, and thus enable the court to adjudicate Mrs. Hamlin's alimony and property rights as against him? We think it is. True, he says in his affidavit attached to his motion and application that "he makes this affidavit and appearance for the sole purpose of obtaining a final decree of divorce." Plainly, we think that is affirmatively invoking the jurisdiction of the court touching the very substance of the divorce action and gives to the court jurisdiction over him to determine every undetermined question properly presented by her complaint, which she was prevented from having determined by the interlocutory order. The following authorities lend support to this conclusion: Rem. Comp. Stat., § 241 [P. C. § 8451]; *Bain v. Thoms,* 44 Wash. 382, 87 Pac. 504; *Matson v. Kennecott Mines Co.,* 103 Wash. 499, 175 Pac. 181; *Kubey v. Travelers Protective Ass'n,* 109 Wash. 453, 187 Pac. 335; *State ex rel. Rothwell & Co. v. Superior Court,* 111 Wash. 63, 189 Pac. 556.

[3] Is Mr. Hamlin entitled to have a final decree of divorce entered in pursuance of the interlocutory order of January 11, 1927, adjudicating Mrs. Hamlin entitled to such a decree upon the expiration of the statutory six months' period under the circumstances

here appearing? We note that Rem. Comp. Stat., § 988-1, above quoted, provides that "the court, on motion of either party," shall enter a decree of divorce upon the expiration of six months following the entry of the interlocutory order adjudicating the successful party entitled to a divorce. We may concede, for present purposes, that this entitles the one against whom the interlocutory adjudication is rendered to have a final decree of divorce entered in pursuance thereof, freeing him or her from the marriage bonds, when all issues properly presented in the action are finally determined; but we think it does not mean that the one against whom the adjudication is made by the interlocutory order has a right to the entry of such a final decree over the objections of the successful party in the action, when there is undetermined, without fault of such successful party, some material interlocutory question properly presented by the pleadings. It is true that, upon the entry of the interlocutory order, it is final as to all things adjudicated therein, except in so far as it may be modified in certain particulars upon later changed conditions, with which exceptions we are not here concerned. Mrs. Hamlin's application here made is, in its essence, not an application for a modification of the interlocutory order, but it is an application, in legal effect, for a supplemental interlocutory order adjudicating her alimony and property rights, properly presented by her complaint, which were not, and could not be, adjudicated at the time the interlocutory order of January 11, 1927, was entered.

We conclude that Mr. Hamlin is not now entitled to have a final decree of divorce entered in pursuance of the interlocutory adjudication in favor of Mrs. Hamlin by the order of January 11, 1927, over her objections, until her alimony and property rights have been adjudicated, as applied for by her after he entered an

appearance in the action amounting to a general appearance.

The writ is denied.

FULLERTON, C. J., TOLMAN, ASKREN, and MITCHELL, JJ., concur.