**SMITH et ux. v. BELMORE et al.**

No. 35.

District Court, E. D. Washington, S. D.

April 11, 1941.

Horrigan & Horrigan, of Pasco, Wash., for plaintiff Smith.

Cheney & Hutcheson, of Yakima, Wash., for defendant Belmore.

SCHWELLENBACH, District Judge.

This motion is based upon six grounds, the first five of which involve the question of jurisdiction and the sufficiency of the service of process. Clearly the attempted service in this case did not comply with the statutory requirements. Defendant Belmore is non-resident. Jurisdiction over him is attempted to be secured under Section 6360—129, Remington's Code. This is the Section of the Code by which service upon non-residents is made possible in cases involving actions arising out of accidents, collisions and liability in which such non-resident may be involved while operating a motor vehicle upon the public highways of the State of Washington. The pertinent language of the Statute is: "Service of such summons or process shall be made by leaving two copies thereof with a fee of two dollars with the secretary of state of the State of Washington, or at his office, and such service shall be sufficient and valid personal service upon said non-resident: Provided, That notice of such service and a copy of the summons or process is forthwith sent by registered mail, requiring personal delivery, by plaintiff to

the defendant and the defendant's return receipt and the plaintiff's affidavit of compliance therewith are appended to the process and entered as a part of the return thereof: Provided, further, That personal service outside of this state in accordance with the provisions of the statutes thereof relating to personal service of summons outside of this state shall relieve the plaintiff from mailing a copy of the summons or process by registered mail as hereinbefore provided."

The record herein discloses affidavit of one Edna Mooney, who swears that on October 26, 1940, she served four copies of the summons and complaint in this action on the Secretary of State of the State of Washington "by depositing said copies in the Post Office at Pasco, Washington, addressed to the said Secretary of State at her place of business, to-wit: Olympia, Washington, postage prepaid thereon, the same being sent by regular mail." The file also contains the affidavit of one D. C. Allard, Deputy Sheriff of Multnomah County, Oregon, to the effect that he served a copy of the summons and complaint in this action on the defendant Belmore in Portland on October 4, 1940.

The record does not show that notice of the service of the summons and complaint upon the Secretary of State was sent to the defendant Belmore by registered mail requiring personal delivery by the plaintiff to the defendant nor is there appended to the process and entered as a part of the return thereof "the defendant's return receipt and the plaintiff's affidavit of compliance therewith." Since the record is lacking in such proof, there is no evidence in it showing that this Court acquired jurisdiction over the defendant Belmore by the attempted service.

Plaintiffs rely upon the second proviso to the effect that personal service outside of the State shall relieve the plaintiff of mailing a copy of the Summons or process by registered mail. However, it will be noted that the second proviso does not relieve the plaintiff of the necessity of mailing notice of the service on the Secretary of State and filing an affidavit of compliance therewith along with the defendant's return receipt.

At first blush this might seem to be a supertechnical interpretation of the requirements of the statute. However, a consideration of the implications involved must lead one to the opposite conclusion. It must be remembered that this method of securing jurisdiction over a non-resident is a comparatively new one. It is not one that has been uniformly adopted throughout the United States. The provisions of the Washington Statute do not appear in the Washington Code in that portion of the Code which deals generally with the service of process. Prior to the adoption of this particular section, personal service outside of the State in a tort action was a nullity. A lawyer consulted by a client who had received such service might very well advise him that the safest course would be to ignore the service. Lawyers residing in a State which had not adopted a statute similar to Remington, § 6360—129, might, after consulting that portion of the Washington Code relating to service of process, completely overlook the fact that there was a provision for service of non-residents by means of serving the Secretary of State. Undoubtedly, it was because of this fact that the Legislature required in the first proviso the sending by registered mail of the notice of service on the Secretary of State and the appending of defendant's return receipt as a part of the return of the process. Undoubtedly that same motive caused the Legislature to provide in the second proviso that personal service outside the state should only relieve the plaintiff of mailing a copy of the summons or process by registered mail.

However, in this case defendant Belmore did not ignore the process. He appeared with a motion to dismiss. Counsel for defendant Belmore also represent defendants Taylor and the Casualty Company. On behalf of these defendants counsel filed special appearances and motion to quash. Under the new Rules of Civil Procedure, 28 U.S.C.A. following section 723c, the motion to dismiss on the ground of insufficiency of process is the proper procedure. However, in this case defendant Belmore's motion to dismiss contains not only the five paragraphs raising the question of jurisdiction but also a sixth paragraph which reads: "That the Complaint fails to state a claim upon which relief can be granted against this defendant." Under this paragraph of motion defendant submitted himself to the jurisdiction of the Court and asked general relief. He, therefore, came within the rule laid down by the Supreme Court of the State of Washington in the cases of Teater v. King, 35 Wash. 138, 76 P. 688; Bain v. Thoms, 44 Wash. 382, 87 P. 504; Matson v. Kennecott Mines Co., 101 Wash. 12, 171 P.

1040, and Id., 103 Wash. 499, 175 P. 181; State ex rel. Hamlin v. Superior Court, 148 Wash. 113, 268 P. 159.

 The really difficult question is whether or not new Rules of Civil Procedure make the foregoing cases inapplicable in the Federal Courts. Under Rule 12(b) we find the sentence: "No defense or objection is waived by being joined with one or more other defenses or objections in a responsive pleading or motion." Standing alone that sentence would seem to furnish the simple solution contended for in defendant's Reply Memorandum. However, subsection (g) of Rule 12 provides: "If a party makes a motion under this rule and does not include therein all defenses and objections then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on any of the defenses or objections so admitted, *except that prior to making any other motions under this rule he may make a motion in which are joined all the defenses numbered (1) to (5) in subdivision (b) of this rule which he cares to assert.*"

Despite a careful review of the decisions since the adoption of the new Rules, I have failed to find anything of assistance on this point. The difficulty involved in this determination may be realized from a study of comments on Rule 12 found in Ohlinger's Federal Practise, Vol. 3, pages 166 and 167.

The fact of the difficulty is even better emphasized by the discussion of the American Bar Association Institute in July, 1938 (found in Federal Rules of Civil Procedure and Proceedings of the American Bar Association Institute, Cleveland, 1938, p. 245). At that particular time Dean Clark, who served as reporter to the Supreme Court Advisory Committee, was discussing Rule 12 and he had pointed out that under subdivision (g) all motions must necessarily be joined and that the failure to join a motion constituted a waiver of it except that jurisdictional motions might be made prior to any other motions. He was asked by Mr. Day: "Is it intended by the provision that no defense or objection shall be waived by joining it with any other in subsection (b), that you do not enter a general appearance by filing a motion on which you assert lack of jurisdiction of subject matter and the other four jurisdictional questions—improper venue, insufficiency of process, and so on?"

Dean Clark answered: "I should think in some of those cases you might waive your objection by the joinder, or at least the point is arguable. (See note below) I think you are getting into a little different question there because you are not compelled to file those motions together, you see, and if you have filed a motion which raises a limited question of jurisdiction but at the same time have filed a motion that ordinarily would constitute a general appearance, I think you might well have waived it. The case seems to me unusual, however."

Mr. Day: "Subsection (g) seems to contemplate you must consolidate defenses (1) to (5) if you are going to assert them."

Dean Clark: "I should think defenses (1) to (5), which are really to amendable defects anyway, except that if there is lack of jurisdiction over the subject matter, that will, of course, prevent any action in the same court again. I should think all of those defenses could be properly and should properly be joined together."

Mr. Day: "But some perhaps would have the effect of entering a general appearance, while others would not."

Dean Clark: "Which ones?"

Mr. Day: "Lack of jurisdiction over the subject matter, if it were improperly taken."

Dean Clark: "Oh, I should think not! I don't see why that would follow. Of course, if it were improperly taken, that particular defense would be wrong, but of course you have been making a defense based upon a jurisdictional question."

Afterwards, apparently while editing the report of the Institute, Dean Clark caused to be inserted in the printed report at the point I have indicated above the following note: ("In view of the expressed language of Rule 12 (b) third sentence, I am of the opinion that there is no waiver.—C.E.C.") It is uncertain whether Dean Clark's note referred only to the joinder of motions included under the defenses numbered (1) to (5) of subdivision (b) or whether it went to the whole question of any of the motions authorized in Rule 12. In either case, I think Dean Clark was right the first time and in error in his footnote correction. It is apparent that the rule makers intended to separate defenses under (1) to (5) of subdivision (b) from the other defenses. To hold otherwise would be to hold that the exception in subdivision (g) was mere surplusage. No such construction should be placed upon the Rules. It seems to me apparent that the rule makers intended that the jurisdictional question should first be

raised and that upon this question the language of subdivision (g) is more controlling than is the language of the third sentence of subdivision (b).

From the foregoing, and since defendant has not argued on the sixth ground of his motion, the motion must be denied.